# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 07CR2016-IEG |
| | ) | |
| v. | ) | |
| DOLORES LOVIN (5) | ) | JURY INSTRUCTIONS |
| MARY ARONSON (6) | ) | |
| RICHARD EDWARD KOCH (11) | ) | |
| PHILIP JAMES BIDWELL (12 | ) | |
| JEFFREY A. LIGHT (14) | ) | |
| TRACY ONEAL TYLER (15) | ) | |
| PETER P. BRAGANSA (16) | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |

INSTRUCTION NO. 1

MEMBERS OF THE JURY, NOW THAT YOU HAVE HEARD ALL THE EVIDENCE, IT IS MY DUTY TO INSTRUCT YOU ON THE LAW WHICH APPLIES TO THIS CASE. A COPY OF THESE INSTRUCTIONS WILL BE AVAILABLE IN THE JURY ROOM FOR YOU TO CONSULT.

IT IS YOUR DUTY TO FIND THE FACTS FROM ALL THE EVIDENCE IN THE CASE. TO THOSE FACTS YOU WILL APPLY THE LAW AS I GIVE IT TO YOU. YOU MUST FOLLOW THE LAW AS I GIVE IT TO YOU WHETHER YOU AGREE WITH IT OR NOT. AND YOU MUST NOT BE INFLUENCED BY ANY PERSONAL LIKES OR DISLIKES, OPINIONS, PREJUDICES, OR SYMPATHY. THAT MEANS THAT YOU MUST DECIDE THE CASE SOLELY ON THE EVIDENCE BEFORE YOU. YOU WILL RECALL THAT YOU TOOK AN OATH PROMISING TO DO SO AT THE BEGINNING OF THE CASE.

IN FOLLOWING MY INSTRUCTIONS, YOU MUST FOLLOW ALL OF THEM AND NOT SINGLE OUT SOME AND IGNORE OTHERS; THEY ARE ALL EQUALLY IMPORTANT. YOU MUST NOT READ INTO THESE INSTRUCTIONS OR INTO ANYTHING THE COURT MAY HAVE SAID OR DONE ANY SUGGESTION AS TO WHAT VERDICT YOU SHOULD RETURN—THAT IS A MATTER ENTIRELY UP TO YOU.

# INSTRUCTION NO. 2

THE INDICTMENT IS NOT EVIDENCE. THE DEFENDANTS HAVE PLEADED NOT GUILTY TO THE CHARGES. THE DEFENDANTS ARE PRESUMED TO BE INNOCENT AND DO NOT HAVE TO TESTIFY OR PRESENT ANY EVIDENCE TO PROVE INNOCENCE.

THE GOVERNMENT HAS THE BURDEN OF PROVING EVERY ELEMENT OF THE CHARGE BEYOND A REASONABLE DOUBT.

# INSTRUCTION NO. 3

A DEFENDANT IN A CRIMINAL CASE HAS A CONSTITUTIONAL RIGHT NOT TO TESTIFY. NO PRESUMPTION OF GUILT MAY BE RAISED, AND NO INFERENCE OF ANY KIND MAY BE DRAWN, FROM THE FACT THAT A DEFENDANT DID NOT TESTIFY.

# INSTRUCTION NO. 4

CERTAIN DEFENDANTS HAVE TESTIFIED. YOU SHOULD TREAT THEIR TESTIMONY JUST AS YOU WOULD THE TESTIMONY OF ANY OTHER WITNESS.

I INSTRUCT YOU THAT YOU MUST PRESUME A DEFENDANT TO BE INNOCENT OF THE CRIME CHARGED. THUS A DEFENDANT, ALTHOUGH ACCUSED OF A CRIME IN THE INDICTMENT, BEGINS THE TRIAL WITH A "CLEAN SLATE" – WITH NO EVIDENCE AGAINST HIM OR HER. THE INDICTMENT, AS YOU ALREADY KNOW, IS NOT EVIDENCE OF ANY KIND. THE DEFENDANT IS, OF COURSE, NOT ON TRIAL FOR ANY ACT OR CRIME NOT CONTAINED IN THE INDICTMENT. THE LAW PERMITS NOTHING BUT LEGAL EVIDENCE PRESENTED BEFORE THE JURY IN COURT TO BE CONSIDERED IN SUPPORT OF ANY CHARGE AGAINST A DEFENDANT. THE PRESUMPTION OF INNOCENCE ALONE IS SUFFICIENT TO FIND THE DEFENDANT NOT GUILTY AND CAN BE OVERCOME ONLY IF DURING YOUR DELIBERATIONS YOU CONCLUDE FROM THE EVIDENCE THAT THE GOVERNMENT HAS PROVED, BEYOND A REASONABLE DOUBT, EACH ELEMENT OF THE CRIME CHARGED.

THE BURDEN IS ALWAYS UPON THE PROSECUTION TO PROVE GUILT BEYOND A REASONABLE DOUBT. THIS BURDEN NEVER SHIFTS TO A DEFENDANT FOR THE LAW NEVER IMPOSES UPON A DEFENDANT IN A CRIMINAL CASE THE BURDEN OR DUTY OF CALLING ANY WITNESSES OR PRODUCING ANY EVIDENCE. THE DEFENDANT IS NOT EVEN OBLIGATED TO PRODUCE ANY EVIDENCE BY CROSS-EXAMINING THE WITNESSES FOR THE GOVERNMENT.

///

///

PROOF BEYOND A REASONABLE DOUBT IS PROOF THAT LEAVES YOU FIRMLY CONVINCED THAT THE DEFENDANT IS GUILTY. IT IS NOT REQUIRED THAT THE GOVERNMENT PROVE GUILT BEYOND ALL POSSIBLE DOUBT.

A REASONABLE DOUBT IS A DOUBT BASED UPON REASON AND COMMON SENSE AND IS NOT BASED PURELY ON SPECULATION. IT MAY ARISE FROM A CAREFUL AND IMPARTIAL CONSIDERATION OF ALL THE EVIDENCE, OR FROM LACK OF EVIDENCE.

UNLESS THE GOVERNMENT PROVES, BEYOND A REASONABLE DOUBT, EACH AND EVERY ELEMENT OF AN OFFENSE CHARGED IN THE INDICTMENT, YOU MUST FIND THE DEFENDANT NOT GUILTY OF THAT OFFENSE.

IF AFTER A CAREFUL AND IMPARTIAL CONSIDERATION WITH YOUR FELLOW JURORS OF ALL THE EVIDENCE, YOU ARE NOT CONVINCED BEYOND A REASONABLE DOUBT THAT A DEFENDANT IS GUILTY, IT IS YOUR DUTY TO FIND THAT DEFENDANT NOT GUILTY. ON THE OTHER HAND, IF AFTER A CAREFUL AND IMPARTIAL CONSIDERATION WITH YOUR FELLOW JURORS OF ALL THE EVIDENCE, YOU ARE CONVINCED BEYOND A REASONABLE DOUBT THAT A DEFENDANT IS GUILTY, IT IS YOUR DUTY TO FIND THAT DEFENDANT GUILTY

# INSTRUCTION NO. 6

THE EVIDENCE FROM WHICH YOU ARE TO DECIDE WHAT THE FACTS ARE CONSISTS OF:

(1)    THE SWORN TESTIMONY OF ANY WITNESS;

(2)    THE EXHIBITS WHICH HAVE BEEN RECEIVED INTO EVIDENCE; AND

(3)    ANY FACTS TO WHICH ALL THE LAWYERS HAVE STIPULATED.

# INSTRUCTION NO. 7

IN REACHING YOUR VERDICT YOU MAY CONSIDER ONLY THE TESTIMONY AND EXHIBITS RECEIVED INTO EVIDENCE. CERTAIN THINGS ARE NOT EVIDENCE AND YOU MAY NOT CONSIDER THEM IN DECIDING WHAT THE FACTS ARE. I WILL LIST THEM FOR YOU:

1.    ARGUMENTS AND STATEMENTS BY LAWYERS ARE NOT EVIDENCE. THE LAWYERS ARE NOT WITNESSES. WHAT THEY HAVE SAID IN THEIR OPENING STATEMENTS, WILL SAY IN THEIR CLOSING ARGUMENTS AND AT OTHER TIMES IS INTENDED TO HELP YOU INTERPRET THE EVIDENCE, BUT IT IS NOT EVIDENCE. IF THE FACTS AS YOU REMEMBER THEM DIFFER FROM THE WAY THE LAWYERS STATE THEM, YOUR MEMORY OF THEM CONTROLS.

2.    QUESTIONS AND OBJECTIONS BY LAWYERS ARE NOT EVIDENCE. ATTORNEYS HAVE A DUTY TO THEIR CLIENTS TO OBJECT WHEN THEY BELIEVE A QUESTION IS IMPROPER UNDER THE RULES OF EVIDENCE. YOU SHOULD NOT BE INFLUENCED BY THE QUESTION, THE OBJECTION, OR THE COURT'S RULING ON IT.

3.    TESTIMONY THAT HAS BEEN EXCLUDED OR STRICKEN, OR THAT YOU HAVE BEEN INSTRUCTED TO DISREGARD, IS NOT EVIDENCE AND MUST NOT BE CONSIDERED. IN ADDITION SOME TESTIMONY AND EXHIBITS HAVE BEEN RECEIVED ONLY FOR A LIMITED PURPOSE; WHERE I HAVE GIVEN A LIMITING INSTRUCTION, YOU MUST FOLLOW IT.

///

///

4. ANYTHING YOU MAY HAVE SEEN OR HEARD WHEN THE COURT WAS NOT IN SESSION IS NOT EVIDENCE. YOU ARE TO DECIDE THE CASE SOLELY ON THE EVIDENCE RECEIVED AT THE TRIAL.

EVIDENCE MAY BE DIRECT OR CIRCUMSTANTIAL. DIRECT EVIDENCE IS DIRECT PROOF OF A FACT, SUCH AS TESTIMONY BY A WITNESS ABOUT WHAT THAT WITNESS PERSONALLY SAW OR HEARD OR DID. CIRCUMSTANTIAL EVIDENCE IS PROOF OF ONE OR MORE FACTS FROM WHICH YOU COULD FIND ANOTHER FACT. BY WAY OF EXAMPLE, IF YOU WAKE UP IN THE MORNING AND SEE THAT THE SIDEWALK IS WET, YOU MAY FIND FROM THAT FACT THAT IT RAINED DURING THE NIGHT. HOWEVER, OTHER EVIDENCE, SUCH AS SPRINKLERS, MAY EXPLAIN THE WATER ON THE SIDEWALK. THEREFORE, BEFORE YOU DECIDE THAT A FACT HAS BEEN PROVEN BY CIRCUMSTANTIAL EVIDENCE, YOU MUST CONSIDER ALL THE EVIDENCE IN THE LIGHT OF REASON, EXPERIENCE, AND COMMON SENSE.

YOU ARE TO CONSIDER BOTH DIRECT AND CIRCUMSTANTIAL EVIDENCE. THE LAW PERMITS YOU TO GIVE EQUAL WEIGHT TO BOTH, BUT IT IS FOR YOU TO DECIDE HOW MUCH WEIGHT TO GIVE TO ANY EVIDENCE.

INSTRUCTION NO. 9

IN DECIDING THE FACTS IN THIS CASE, YOU MAY HAVE TO DECIDE WHICH TESTIMONY TO BELIEVE AND WHICH TESTIMONY NOT TO BELIEVE. YOU MAY BELIEVE EVERYTHING A WITNESS SAYS, OR PART OF IT, OR NONE OF IT.

IN CONSIDERING THE TESTIMONY OF ANY WITNESS, YOU MAY TAKE INTO ACCOUNT:

1.  THE OPPORTUNITY AND ABILITY OF THE WITNESS TO SEE OR HEAR OR KNOW THE THINGS TESTIFIED TO;

2.  THE WITNESS'S MEMORY;

3.  THE WITNESS'S MANNER WHILE TESTIFYING;

4.  THE WITNESS'S INTEREST IN THE OUTCOME OF THE CASE OR ANY BIAS OR PREJUDICE;

5.  WHETHER OTHER EVIDENCE CONTRADICTED THE WITNESS'S TESTIMONY;

6.  THE REASONABLENESS OF THE WITNESS'S TESTIMONY IN LIGHT OF ALL THE EVIDENCE;

7.  WHETHER THE WITNESS PREVIOUSLY MADE DIFFERENT OR INCONSISTENT STATEMENTS; AND

8.  ANY OTHER FACTORS THAT BEAR ON BELIEVABILITY.

THE WEIGHT OF THE EVIDENCE AS TO A FACT DOES NOT NECESSARILY DEPEND ON THE NUMBER OF WITNESSES WHO TESTIFY.

INSTRUCTION NO. 10

YOU ARE HERE ONLY TO DETERMINE WHETHER THE DEFENDANTS ARE
GUILTY OR NOT GUILTY OF THE CHARGES IN THE INDICTMENT. YOUR
DETERMINATION MUST BE MADE ONLY FROM THE EVIDENCE IN THE CASE. THE
DEFENDANTS ARE NOT ON TRIAL FOR ANY CONDUCT OR OFFENSE NOT
CHARGED IN THE INDICTMENT. YOU SHOULD CONSIDER EVIDENCE ABOUT THE
ACTS, STATEMENTS, AND INTENTIONS OF OTHERS, OR EVIDENCE ABOUT
OTHER ACTS OF THE DEFENDANTS, ONLY AS THEY RELATE TO THESE
CHARGES AGAINST THESE DEFENDANTS.

INSTRUCTION NO. 11

A SEPARATE CRIME IS CHARGED AGAINST ONE OR MORE OF THE DEFENDANTS IN EACH COUNT. THE CHARGES HAVE BEEN JOINED FOR TRIAL. YOU MUST DECIDE THE CASE OF EACH DEFENDANT ON EACH CRIME CHARGED AGAINST THAT DEFENDANT SEPARATELY. YOUR VERDICT ON ANY COUNT AS TO ANY DEFENDANT SHOULD NOT CONTROL YOUR VERDICT ON ANY OTHER COUNT OR AS TO ANY OTHER DEFENDANT.

ALL OF THE INSTRUCTIONS APPLY TO EACH DEFENDANT AND TO EACH COUNT UNLESS A SPECIFIC INSTRUCTION STATES THAT IT APPLIES ONLY TO A SPECIFIC DEFENDANT OR COUNT.

INSTRUCTION NO. 12

YOU HAVE HEARD TESTIMONY THAT CERTAIN DEFENDANTS MADE
STATEMENTS OTHER THAN TESTIMONY DURING THE TRIAL. IT IS FOR YOU TO
DECIDE (1) WHETHER THE DEFENDANT MADE THE STATEMENT, AND (2) IF SO,
HOW MUCH WEIGHT TO GIVE TO IT. IN MAKING THOSE DECISIONS, YOU
SHOULD CONSIDER ALL OF THE EVIDENCE ABOUT THE STATEMENTS,
INCLUDING THE CIRCUMSTANCES UNDER WHICH THE DEFENDANT MAY HAVE
MADE IT.

INSTRUCTION NO. 13

YOU HAVE HEARD EVIDENCE THAT THE AFFILIATE DEFENDANTS
PARTICIPATED IN OTHER ONLINE PHARMACY NETWORKS BESIDE AFFPOWER.
YOU MAY CONSIDER THAT EVIDENCE ONLY AS IT BEARS ON THE AFFILIATE
DEFENDANTS' MOTIVE, INTENT, PLAN, KNOWLEDGE, OR ABSENCE OF MISTAKE
OR ACCIDENT AND FOR NO OTHER PURPOSE.

# INSTRUCTION NO. 14

A LETTER FROM THE DRUG ENFORCEMENT AGENCY HAS BEEN RECEIVED IN EVIDENCE (EXHIBIT 439). ALTHOUGH THIS DOCUMENT CONTAINS INTERPRETATIONS OF FEDERAL AND STATE LAWS AND REGULATIONS, YOU ARE NOT TO CONSIDER THE STATEMENTS CONTAINED IN THIS DOCUMENT AS BINDING STATEMENTS OF LAW.

AS THE TRIAL JUDGE, IT IS EXCLUSIVELY MY PROVINCE TO INSTRUCT YOU ON THE LAW THAT YOU MUST FOLLOW AND THE ONLY STATEMENTS OF LAW THAT YOU ARE TO CONSIDER ARE THE INSTRUCTIONS THAT I HAVE GIVEN YOU.

# INSTRUCTION NO. 15

CHARACTER EVIDENCE HAS BEEN PRESENTED TO SHOW A REPUTATION FOR HONESTY, TRUTHFULNESS, AND INTEGRITY IN THE COMMUNITY. SUCH EVIDENCE MAY INDICATE TO YOU THAT IT IS IMPROBABLE THAT A PERSON OF SUCH CHARACTER WOULD COMMIT THE CRIMES CHARGED, AND, THEREFORE, CAUSE YOU TO HAVE A REASONABLE DOUBT AS TO THAT DEFENDANT'S GUILT. YOU SHOULD CONSIDER SUCH EVIDENCE OF GOOD CHARACTER ALONG WITH ALL THE OTHER EVIDENCE IN THE CASE AND GIVE IT SUCH WEIGHT AS YOU BELIEVE IT DESERVES. IF, WHEN CONSIDERED WITH ALL THE OTHER EVIDENCE PRESENTED DURING THIS TRIAL, THE EVIDENCE OF GOOD CHARACTER CREATES A REASONABLE DOUBT IN YOUR MIND AS TO GUILT, YOU SHOULD FIND THE DEFENDANT NOT GUILTY.

INSTRUCTION NO. 16

YOU HAVE HEARD EVIDENCE THAT DAVID GLASS AND DAVID JOHN, WITNESSES IN THIS CASE, HAVE BEEN CONVICTED OF CERTAIN CRIMINAL OFFENSES AND/OR LIED UNDER OATH ON PRIOR OCCASIONS. YOU MAY CONSIDER THIS EVIDENCE, ALONG WITH OTHER PERTINENT EVIDENCE, IN DECIDING WHETHER OR NOT TO BELIEVE THESE WITNESSES AND HOW MUCH WEIGHT TO GIVE TO THE TESTIMONY OF THESE WITNESSES.

# INSTRUCTION NO. 17

YOU HAVE HEARD TESTIMONY FROM BRITTIN CAHILL HILYARD, DAVID FISHER, DAVID GLASS, DAVID JOHN, GERALD MORRIS, SUBRAMANYA PRASAD, BESSIE RICOARANGO, AND CHANDRESH SHAH , ALL WITNESSES WITH WHOM THE GOVERNMENT ENTERED INTO PLEA AGREEMENTS PROVIDING FOR (1) THE DISMISSAL OF CHARGES; AND/OR (2)  LESSER SENTENCES THAN THEY WOULD OTHERWISE BE EXPOSED TO AND/OR (3) PROMISES TO REQUEST COURTS TO IMPOSE A LESSER SENTENCE THAN OTHERWISE MIGHT BE IMPOSED IF, IN THE GOVERNMENT'S OPINION, IT DETERMINES THEY PROVIDED "SUBSTANTIAL ASSISTANCE" TO THE GOVERNMENT.

FIRST, YOU ARE INSTRUCTED THAT THE GUILTY PLEAS BY THESE WITNESSES ARE NOT EVIDENCE AGAINST THE DEFENDANTS, AND YOU MAY CONSIDER THEM ONLY IN DETERMINING THE BELIEVABILITY OF THESE WITNESSES.

SECOND, IN EVALUATING THESE WITNESS' TESTIMONY, YOU SHOULD CONSIDER THE EXTENT TO WHICH OR WHETHER THEIR TESTIMONY MAY HAVE BEEN INFLUENCED BY THEIR PLEA AGREEMENTS. IN ADDITION, YOU SHOULD EXAMINE THESE WITNESSES' TESTIMONY WITH GREATER CAUTION THAN THAT OF OTHER WITNESSES.

# INSTRUCTION NO. 18

YOU HAVE HEARD TESTIMONY FROM WILLIAM APPLEYARD AND ANDREAS TRAPEZARIUS, WITNESSES WHO RECEIVED IMMUNITY IN RELATION TO THEIR TESTIMONY AND/OR PREVIOUS STATEMENTS MADE TO PROSECUTORS, GOVERNMENT AGENTS AND/OR GRAND JURIES.

FOR THIS REASON, IN EVALUATING THE TESTIMONY OF THESE WITNESSES, YOU SHOULD CONSIDER THE EXTENT TO WHICH OR WHETHER THEIR TESTIMONY MAY HAVE BEEN INFLUENCED BY THESE FACTORS. IN ADDITION, YOU SHOULD EXAMINE THESE WITNESSES' TESTIMONY WITH GREATER CAUTION THAN THAT OF OTHER WITNESSES

INSTRUCTION NO. 19

YOU HAVE HEARD TESTIMONY FROM INDIVIDUALS WHO, WORKING WITH LAW ENFORCEMENT OFFICIALS, SECRETLY RECORDED CONVERSATIONS WITH DEFENDANTS AND OTHER INDIVIDUALS INVOLVED IN THIS CASE. LAW ENFORCEMENT OFFICIALS ARE NOT PRECLUDED FROM ENGAGING IN STEALTH AND DECEPTION, SUCH AS THE USE OF SECRETLY RECORDED CONVERSATIONS, IN ORDER TO APPREHEND PERSONS ENGAGED IN SUSPECTED CRIMINAL ACTIVITIES. THE GOVERNMENT MAY UTILIZE A BROAD RANGE OF SCHEMES AND PLOYS TO INVESTIGATE SUSPECTED CRIMINAL ACTIVITY.

# INSTRUCTION NO. 20

CERTAIN CHARTS AND SUMMARIES HAVE BEEN SHOWN TO YOU IN ORDER TO HELP EXPLAIN THE FACTS DISCLOSED BY THE BOOKS, RECORDS, AND OTHER DOCUMENTS WHICH ARE IN EVIDENCE IN THE CASE. SUCH SUMMARIES ARE NOT THEMSELVES EVIDENCE OR PROOF OF ANY FACTS. IF THEY DO NOT CORRECTLY REFLECT THE FACTS OR FIGURES SHOWN BY THE EVIDENCE IN THE CASE, YOU SHOULD DISREGARD THESE CHARTS AND SUMMARIES AND DETERMINE THE FACTS FROM THE UNDERLYING EVIDENCE.

# INSTRUCTION NO. 21

CERTAIN CHARTS AND SUMMARIES HAVE BEEN RECEIVED INTO EVIDENCE. CHARTS AND SUMMARIES ARE ONLY AS GOOD AS THE UNDERLYING SUPPORTING MATERIAL. YOU SHOULD, THEREFORE, GIVE THEM ONLY SUCH WEIGHT AS YOU THINK THE UNDERLYING MATERIAL DESERVES.

INSTRUCTION NO. 22

IN COUNT ONE OF THE SUPERSEDING INDICTMENT, ALL OF THE DEFENDANTS ARE CHARGED WITH CONSPIRING TOGETHER AND WITH OTHERS TO DISTRIBUTE OR DISPENSE CONTROLLED SUBSTANCES. IN COUNTS TWO THROUGH TWENTY-NINE, THE DEFENDANTS ARE INDIVIDUALLY CHARGED WITH THE SUBSTANTIVE OFFENSE OF UNLAWFULLY DISTRIBUTING OR DISPENSING CONTROLLED SUBSTANCES.

IN COUNT 30, DEFENDANTS PHILLIP BIDWELL, PETER BRAGANSA, RICHARD KOCH, JEFFREY LIGHT, AND TRACY TYLER ARE CHARGED WITH CONSPIRING WITH EACH OTHER AND WITH OTHERS TO COMMIT WIRE FRAUD.

IN COUNTS 31-55, DEFENDANTS PHILLIP BIDWELL, PETER BRAGANSA, RICHARD KOCH, JEFFREY LIGHT, AND TRACY TYLER ARE INDIVIDUALLY CHARGED WITH COMMITTING THE SUBSTANTIVE OFFENSE OF WIRE FRAUD.

IN COUNT 56, ALL OF THE DEFENDANTS ARE CHARGED WITH CONSPIRING TOGETHER AND WITH OTHERS TO COMMIT MONEY LAUNDERING BY TRANSFERRING FUNDS INTO AND OUT OF THE UNITED STATES WITH THE INTENT TO PROMOTE THE CARRYING ON OF TWO SPECIFIED UNLAWFUL ACTIVITIES - THE DISTRIBUTION OF CONTROLLED SUBSTANCES AND WIRE FRAUD.

IN COUNT 57, ALL OF THE DEFENDANTS ARE CHARGED WITH CONSPIRING TOGETHER AND WITH OTHERS TO UNLAWFULLY DISTRIBUTE OR DISPENSE MISBRANDED DRUGS IN VIOLATION OF THE FOOD, DRUG, AND COSMETIC ACT.

IN COUNTS 59-74, 76, 77, AND 83, THE DEFENDANTS ARE INDIVIDUALLY CHARGED WITH THE SUBSTANTIVE OFFENSE OF UNLAWFULLY DISTRIBUTING OR DISPENSING MISBRANDED DRUGS WITH THE INTENT TO DEFRAUD OR MISLEAD IN VIOLATION OF THE FOOD, DRUG, AND COSMETIC ACT.

I WILL NOW INSTRUCT YOU ON THE LAW APPLICABLE TO EACH OF THESE OFFENSES.

TITLE 21, UNITED STATES CODE, SECTION 846 MAKES IT A CRIME FOR ANYONE TO CONSPIRE OR AGREE WITH SOMEONE ELSE TO VIOLATE THE FEDERAL LAWS PERTAINING TO CONTROLLED SUBSTANCES.

COUNT ONE OF THE SUPERSEDING INDICTMENT CHARGES THAT, FROM ABOUT AUGUST 2004 THROUGH ABOUT JUNE 2006, ALL OF THE DEFENDANTS, TOGETHER, AND WITH OTHER PERSONS, CONSPIRED OR AGREED TO COMMIT THE FOLLOWING OFFENSES AGAINST THE UNITED STATES, IN VIOLATION OF TITLE 21, UNITED STATES CODE, SECTION 846:

A. KNOWINGLY AND INTENTIONALLY TO DISTRIBUTE AND DISPENSE 40,000 OR MORE UNITS OF SCHEDULE III CONTROLLED SUBSTANCES, INCLUDING, BUT NOT LIMITED TO, QUANTITIES OF BENZPHETAMINE, DIDREX, PHENDIMETRAZINE, BONTRIL, AND ADIPOST, OTHER THAN FOR A LEGITIMATE MEDICAL PURPOSE AND NOT IN THE USUAL COURSE OF PROFESSIONAL PRACTICE, IN VIOLATION OF TITLE 21, UNITED STATES CODE, SECTION 841(A)(1), 841(B)(1)(D), AND TITLE 21, CODE OF FEDERAL REGULATIONS, SECTION 1306.04(A).

B. KNOWINGLY AND INTENTIONALLY TO DISTRIBUTE AND DISPENSE 40,000 OR MORE UNITS OF SCHEDULE IV CONTROLLED SUBSTANCES, INCLUDING, BUT NOT LIMITED TO, QUANTITIES OF

DIETHYLPROPION, TENUATE, PHENTERMINE, ADIPEX-P, SIBUTRAMINE, MERIDIA, ZALEPLON, SONATA, ZOLPIDEM TARTRATE, AND AMBIEN, OTHER THAN FOR A LEGITIMATE MEDICAL PURPOSE AND NOT IN THE USUAL COURSE OF PROFESSIONAL PRACTICE, IN VIOLATION OF TITLE 21, UNITED STATES CODE, SECTION 841(A)(1), 841(B)(2), AND TITLE 21, CODE OF FEDERAL REGULATIONS, SECTION 1306.04(A).

C.     KNOWINGLY AND INTENTIONALLY TO USE A COMMUNICATION FACILITY IN COMMITTING AND IN CAUSING AND FACILITATING THE COMMISSION OF THE DISTRIBUTION AND DISPENSING OF SCHEDULE III AND SCHEDULE IV CONTROLLED SUBSTANCES OTHER THAN FOR A LEGITIMATE MEDICAL PURPOSE AND NOT IN THE USUAL COURSE OF PROFESSIONAL PRACTICE, IN VIOLATION OF TITLE 21, UNITED STATES CODE, SECTION 841(A)(1), 841(B)(1)(D), 841(B)(2), AND 843(B), AND TITLE 21, CODE OF FEDERAL REGULATIONS, SECTION 1306.04(A).

TITLE 21, SECTION 841(A)(1) PROVIDES IN PART THAT IT SHALL BE UNLAWFUL FOR ANY PERSON KNOWINGLY OR INTENTIONALLY TO DISTRIBUTE A CONTROLLED SUBSTANCE, EXCEPT AS AUTHORIZED BY FEDERAL LAW. BECAUSE MANY CONTROLLED SUBSTANCES HAVE AN ACCEPTED MEDICAL USE, FEDERAL LAW AUTHORIZES REGISTERED PRACTITIONERS, INCLUDING DOCTORS AND PHARMACISTS, TO DISTRIBUTE THOSE CONTROLLED SUBSTANCES PURSUANT TO LAWFUL PRESCRIPTIONS. TO BE LAWFUL AND EFFECTIVE, A PRESCRIPTION MUST

MEET CERTAIN REQUIREMENTS. SECTION 1306.04 OF TITLE 21 OF THE CODE OF FEDERAL REGULATIONS PROVIDES:

> A PRESCRIPTION FOR A CONTROLLED SUBSTANCE TO BE EFFECTIVE MUST BE ISSUED FOR A LEGITIMATE MEDICAL PURPOSE BY AN INDIVIDUAL PRACTITIONER ACTING IN THE USUAL COURSE OF HIS PROFESSIONAL PRACTICE. THE RESPONSIBILITY FOR THE PROPER PRESCRIBING AND DISPENSING OF CONTROLLED SUBSTANCES IS UPON THE PRESCRIBING PRACTITIONER, BUT A CORRESPONDING RESPONSIBILITY RESTS WITH THE PHARMACIST WHO FILLS THE PRESCRIPTION. AN ORDER PURPORTING TO BE A PRESCRIPTION ISSUED NOT IN THE USUAL COURSE OF PROFESSIONAL TREATMENT . . . IS NOT A PRESCRIPTION . . . AND THE PERSON KNOWINGLY FILLING SUCH A PURPORTED PRESCRIPTION, AS WELL AS THE PERSON ISSUING IT, SHALL BE SUBJECT TO THE PENALTIES PROVIDED FOR VIOLATIONS OF THE PROVISIONS OF LAW RELATING TO CONTROLLED SUBSTANCES.

THE TERM "USUAL COURSE OF PROFESSIONAL PRACTICE" REFERS TO AN OBJECTIVELY REASONABLE STANDARD OF CARE.

SO, UNDER SECTION 841, A PHYSICIAN IS AUTHORIZED TO DISTRIBUTE A CONTROLLED SUBSTANCE BY ISSUING A PRESCRIPTION ONLY IF THE PRESCRIPTION IS ISSUED FOR A LEGITIMATE MEDICAL PURPOSE IN THE USUAL COURSE OF PROFESSIONAL PRACTICE. A CONTROLLED SUBSTANCE IS PRESCRIBED BY A PHYSICIAN IN THE USUAL COURSE OF PROFESSIONAL PRACTICE AND, THEREFORE, LAWFULLY, IF HE OR SHE PRESCRIBED THE CONTROLLED SUBSTANCE IN GOOD FAITH AS PART OF HIS OR HER MEDICAL TREATMENT FOR A PATIENT IN ACCORDANCE WITH AN OBJECTIVELY REASONABLE STANDARD.

SIMILARLY, UNDER SECTION 841, A PHARMACIST IS AUTHORIZED TO DISTRIBUTE A CONTROLLED SUBSTANCE PURSUANT TO A PRESCRIPTION ISSUED FOR A LEGITIMATE MEDICAL PURPOSE BY A DOCTOR ACTING IN THE USUAL COURSE OF A PROFESSIONAL PRACTICE. A PHARMACIST VIOLATES SECTION 841, HOWEVER, IF THE GOVERNMENT PROVES BEYOND A REASONABLE DOUBT THAT THE PHARMACIST HAS FILLED A PRESCRIPTION FOR A CONTROLLED SUBSTANCE KNOWING THAT THE PRESCRIPTION WAS NOT ISSUED FOR A LEGITIMATE PROFESSIONAL PURPOSE BY A PHYSICIAN ACTING IN THE USUAL COURSE OF MEDICAL PRACTICE.

FINALLY, PERSONS WHO ARE NOT LICENSED PRACTITIONERS LIKE PHYSICIANS AND PHARMACISTS MAY LAWFULLY PARTICIPATE IN THE DISTRIBUTION OF CONTROLLED SUBSTANCES IF THE DISTRIBUTION IS PURSUANT TO A PRESCRIPTION THAT WAS ISSUED FOR A LEGITIMATE MEDICAL PURPOSE BY A DOCTOR ACTING IN THE USUAL COURSE OF A PROFESSIONAL PRACTICE. HOWEVER, A PERSON VIOLATES SECTION 841 IF THE GOVERNMENT PROVES BEYOND A REASONABLE DOUBT THAT THE PERSON AIDED AND ABETTED IN THE DISTRIBUTION OF A CONTROLLED SUBSTANCE KNOWING THAT THE PRESCRIPTION FOR THE CONTROLLED SUBSTANCE WAS NOT ISSUED FOR A LEGITIMATE MEDICAL PURPOSE BY A PHYSICIAN ACTING IN THE USUAL COURSE OF PROFESSIONAL PRACTICE.

INSTRUCTION NO. 24

AS I HAVE ALREADY INSTRUCTED YOU, COUNT 1 OF THE SUPERSEDING INDICTMENT CHARGES THE DEFENDANTS WITH CONSPIRING KNOWINGLY AND INTENTIONALLY TO USE A COMMUNICATION FACILITY IN COMMITTING AND IN CAUSING AND FACILITATING THE COMMISSION OF THE DISTRIBUTION AND DISPENSING OF SCHEDULE III AND SCHEDULE IV CONTROLLED SUBSTANCES OTHER THAN FOR A LEGITIMATE MEDICAL PURPOSE AND NOT IN THE USUAL COURSE OF PROFESSIONAL PRACTICE, IN VIOLATION OF TITLE 21, UNITED STATES CODE, SECTION 841(A)(1), 841(B)(1)(D), 841(B)(2), AND 843(B), AND TITLE 21, CODE OF FEDERAL REGULATIONS, SECTION 1306.04(A).

TITLE 21, UNITED STATES CODE, SECTION 843(B) PROVIDES IN PART THAT:

IT SHALL BE UNLAWFUL FOR ANY PERSON KNOWINGLY OR INTENTIONALLY TO USE ANY COMMUNICATION FACILITY IN COMMITTING OR IN CAUSING OR FACILITATING THE COMMISSION OF ANY ACT OR ACTS CONSTITUTING A FELONY UNDER ANY PROVISION OF THIS SUBCHAPTER . . . . EACH SEPARATE USE OF A COMMUNICATION FACILITY SHALL BE A SEPARATE OFFENSE UNDER THIS SUBSECTION. FOR PURPOSES OF THIS SUBSECTION, THE TERM "COMMUNICATION FACILITY" MEANS ANY AND ALL PUBLIC AND PRIVATE INSTRUMENTALITIES USED OR USEFUL IN THE TRANSMISSION OF WRITING, SIGNS, SIGNALS, PICTURES, OR SOUNDS OF ALL KINDS AND INCLUDES MAIL, TELEPHONE, WIRE, RADIO, AND ALL OTHER MEANS OF COMMUNICATION.

A PERSON VIOLATES SECTION 843(B) IF THAT PERSON KNOWINGLY OR INTENTIONALLY USES THE INTERNET TO HELP BRING ABOUT THE ILLEGAL DISTRIBUTION OR DISPENSING OF CONTROLLED SUBSTANCES AS ALLEGED IN COUNTS 2 THROUGH 29 OF THE SUPERSEDING INDICTMENT.

# INSTRUCTION NO. 25

IN ORDER FOR A DEFENDANT TO BE FOUND GUILTY OF CONSPIRACY TO DISTRIBUTE AND DISPENSE CONTROLLED SUBSTANCES AND TO USE A COMMUNICATION FACILITY IN COMMITTING AND IN CAUSING AND FACILITATING THE COMMISSION OF THE DISTRIBUTION AND DISPENSING OF CONTROLLED SUBSTANCES AS CHARGED IN COUNT ONE, THE GOVERNMENT MUST PROVE EACH OF THE FOLLOWING ELEMENTS BEYOND A REASONABLE DOUBT:

FIRST, BEGINNING IN OR ABOUT AUGUST 2004, AND ENDING IN OR ABOUT JUNE 2006, THERE WAS AN AGREEMENT BETWEEN TWO OR MORE PERSONS TO COMMIT AT LEAST ONE CRIME AS CHARGED IN COUNT ONE OF THE SUPERSEDING INDICTMENT; AND

SECOND, THE DEFENDANT BECAME A MEMBER OF THE CONSPIRACY KNOWING OF AT LEAST ONE OF ITS OBJECTS AND INTENDING TO HELP ACCOMPLISH IT.

I SHALL DISCUSS WITH YOU BRIEFLY THE LAW RELATING TO EACH OF THESE ELEMENTS.

A CONSPIRACY IS A KIND OF CRIMINAL PARTNERSHIP - AN AGREEMENT OF TWO OR MORE PERSONS TO COMMIT ONE OR MORE CRIMES. THE CRIME OF CONSPIRACY IS THE AGREEMENT TO DO SOMETHING UNLAWFUL; IT DOES NOT MATTER WHETHER THE CRIME

AGREED UPON WAS COMMITTED.

FOR A CONSPIRACY TO HAVE EXISTED, IT IS NOT NECESSARY THAT THE CONSPIRATORS MADE A FORMAL AGREEMENT OR THAT THEY AGREED ON EVERY DETAIL OF THE CONSPIRACY. IT IS NOT ENOUGH, HOWEVER, THAT THEY SIMPLY MET, DISCUSSED MATTERS OF COMMON INTEREST, ACTED IN SIMILAR WAYS, OR PERHAPS HELPED ONE ANOTHER. YOU MUST FIND THAT THERE WAS A PLAN TO COMMIT AT LEAST ONE OF THE CRIMES ALLEGED IN THE INDICTMENT AS AN OBJECT OF THE CONSPIRACY WITH ALL OF YOU AGREEING AS TO THE PARTICULAR CRIME WHICH THE CONSPIRATORS AGREED TO COMMIT.

ONE BECOMES A MEMBER OF A CONSPIRACY BY WILLFULLY PARTICIPATING IN THE UNLAWFUL PLAN WITH THE INTENT TO ADVANCE OR FURTHER SOME OBJECT OR PURPOSE OF THE CONSPIRACY, EVEN THOUGH THE PERSON DOES NOT HAVE FULL KNOWLEDGE OF ALL THE DETAILS OF THE CONSPIRACY. FURTHERMORE, ONE WHO WILLFULLY JOINS AN EXISTING CONSPIRACY IS AS RESPONSIBLE FOR IT AS THE ORIGINATORS. ON THE OTHER HAND, ONE WHO HAS NO KNOWLEDGE OF A CONSPIRACY, BUT HAPPENS TO ACT IN A WAY WHICH FURTHERS SOME OBJECT OR PURPOSE OF THE CONSPIRACY, DOES NOT THEREBY BECOME A CONSPIRATOR. SIMILARLY, A PERSON DOES NOT BECOME A CONSPIRATOR MERELY BY ASSOCIATING WITH ONE OR MORE PERSONS WHO ARE CONSPIRATORS, NOR MERELY BY KNOWING THAT A

CONSPIRACY EXISTS.

CONSPIRACY TO COMMIT A SUBSTANTIVE OFFENSE, THAT IS, DISTRIBUTION OF A CONTROLLED SUBSTANCE, REQUIRES THE SAME DEGREE OF INTENT NECESSARY TO COMMIT THE SUBSTANTIVE OFFENSE ITSELF.

I HEREBY FURTHER INSTRUCT YOU THAT A CONSPIRACY MAY CONTINUE FOR A LONG PERIOD OF TIME AND MAY INCLUDE THE PERFORMANCE OF MANY TRANSACTIONS. IT IS NOT NECESSARY THAT ALL MEMBERS OF THE CONSPIRACY JOIN IT AT THE SAME TIME, AND ONE MAY BECOME A MEMBER OF A CONSPIRACY WITHOUT FULL KNOWLEDGE OF ALL THE DETAILS OF THE UNLAWFUL SCHEME OR THE NAMES, IDENTITIES, OR LOCATIONS OF ALL OF THE OTHER MEMBERS.

EVEN THOUGH A DEFENDANT DID NOT DIRECTLY CONSPIRE WITH OTHER DEFENDANTS OR OTHER CONSPIRATORS IN THE OVERALL SCHEME, THE DEFENDANT HAS, IN EFFECT, AGREED TO PARTICIPATE IN THE CONSPIRACY IF IT IS PROVED BEYOND A REASONABLE DOUBT THAT:

(1) THE DEFENDANT DIRECTLY CONSPIRED WITH ONE OR MORE CONSPIRATORS TO CARRY OUT AT LEAST ONE OF THE OBJECTS OF THE CONSPIRACY,

(2) THE DEFENDANT KNEW OR HAD REASON TO KNOW THAT OTHER CONSPIRATORS WERE INVOLVED WITH THOSE WITH WHOM THE DEFENDANT DIRECTLY CONSPIRED, AND

(3) THE DEFENDANT HAD REASON TO BELIEVE THAT WHATEVER BENEFITS THE DEFENDANT MIGHT GET FROM THE CONSPIRACY WERE PROBABLY DEPENDENT UPON THE SUCCESS OF THE ENTIRE VENTURE.

IT IS NO DEFENSE THAT A PERSON'S PARTICIPATION IN A CONSPIRACY WAS MINOR OR FOR A SHORT PERIOD OF TIME.

INSTRUCTION NO. 26


WITH REGARD TO THE CONSPIRACY CHARGED IN COUNT 1 OF THE SUPERSEDING INDICTMENT, IT IS CHARGED THAT THE DEFENDANTS CONSPIRED TO DISTRIBUTE AND DISPENSE SCHEDULE III CONTROLLED SUBSTANCES, TO DISTRIBUTE AND DISPENSE SCHEDULE IV CONTROLLED SUBSTANCES, AND TO USE A COMMUNICATION FACILITY TO COMMIT OR FACILITATE THE COMMISSION OF THE DISTRIBUTION OR DISPENSING OF THOSE CONTROLLED SUBSTANCES. IT IS CHARGED, IN OTHER WORDS, THAT THEY CONSPIRED TO COMMIT THREE SEPARATE SUBSTANTIVE CRIMES OR OFFENSES.

IN SUCH A CASE IT IS NOT NECESSARY FOR THE GOVERNMENT TO PROVE THAT THE DEFENDANT UNDER CONSIDERATION INTENTIONALLY CONSPIRED TO COMMIT ALL OR EVEN TWO OF THOSE SUBSTANTIVE OFFENSES. IT WOULD BE SUFFICIENT IF THE GOVERNMENT PROVES BEYOND A REASONABLE DOUBT THAT THE DEFENDANT INTENTIONALLY CONSPIRED WITH SOMEONE TO COMMIT ONE OF THOSE OFFENSES; BUT, IN THAT EVENT, IN ORDER TO RETURN A VERDICT OF GUILTY, YOU MUST UNANIMOUSLY AGREE UPON WHICH OF THE THREE OFFENSES THE DEFENDANT CONSPIRED TO COMMIT.

INSTRUCTION NO. 27

YOU MUST DECIDE WHETHER THE CONSPIRACY CHARGED IN THE INDICTMENT EXISTED, AND, IF IT DID, WHO AT LEAST SOME OF ITS MEMBERS WERE. IF YOU FIND THAT THE CONSPIRACY CHARGED DID NOT EXIST, THEN YOU MUST RETURN A NOT GUILTY VERDICT, EVEN THOUGH YOU MAY FIND THAT SOME OTHER CONSPIRACY EXISTED. SIMILARLY, IF YOU FIND THAT ANY DEFENDANT WAS NOT A MEMBER OF THE CHARGED CONSPIRACY, THEN YOU MUST FIND THAT DEFENDANT NOT GUILTY, EVEN THOUGH THAT DEFENDANT MAY HAVE BEEN A MEMBER OF SOME OTHER CONSPIRACY.

# INSTRUCTION NO. 28

COUNTS 2 THROUGH 29 OF THE SUPERSEDING INDICTMENT ALLEGE WHAT ARE KNOWN AS SUBSTANTIVE VIOLATIONS OF THE CONTROLLED SUBSTANCES ACT. EACH OF THE DEFENDANTS IS CHARGED IN SOME OF THOSE COUNTS WITH KNOWINGLY OR INTENTIONALLY DISTRIBUTING OR DISPENSING QUANTITIES OF SCHEDULE III AND SCHEDULE IV CONTROLLED SUBSTANCES OTHER THAN FOR A LEGITIMATE MEDICAL PURPOSE AND NOT IN THE USUAL COURSE OF A PROFESSIONAL PRACTICE.

TITLE 21, UNITED STATES CODE, SECTION 841(A)(1) PROVIDES THAT:

(A)    UNLAWFUL ACTS

EXCEPT AS AUTHORIZED BY THIS SUBCHAPTER, IT SHALL BE UNLAWFUL FOR ANY PERSON KNOWINGLY OR INTENTIONALLY -

(1) TO MANUFACTURE, DISTRIBUTE, OR DISPENSE, OR POSSESS WITH INTENT TO MANUFACTURE, DISTRIBUTE, OR DISPENSE, A CONTROLLED SUBSTANCE . . . .

TITLE 18, UNITED STATES CODE, SECTION 2 PROVIDES THAT:

(A) WHOEVER COMMITS AN OFFENSE AGAINST THE

UNITED STATES OR AIDS, ABETS, COUNSELS, COMMANDS, INDUCES, OR PROCURES ITS COMMISSION, IS PUNISHABLE AS A PRINCIPAL

(B) WHOEVER WILLFULLY CAUSES AN ACT TO BE DONE WHICH IF DIRECTLY PERFORMED BY HIM OR ANOTHER WOULD BE AN OFFENSE AGAINST THE UNITED STATES, IS PUNISHABLE AS A PRINCIPAL.

IN ORDER FOR A DEFENDANT TO BE FOUND GUILTY OF THE CHARGE OF DISTRIBUTION OR DISPENSING OF A CONTROLLED SUBSTANCE, THE GOVERNMENT MUST PROVE EACH OF THE FOLLOWING ELEMENTS BEYOND A REASONABLE DOUBT:

FIRST, THE DEFENDANT KNOWINGLY DELIVERED OR CAUSED TO BE DELIVERED A CONTROLLED SUBSTANCE AS CHARGED;

SECOND, THE DEFENDANT KNEW THAT THE SUBSTANCE DELIVERED WAS A CONTROLLED SUBSTANCE; AND

THIRD, THE DEFENDANT KNEW THAT THE PRESCRIPTION FOR THE CONTROLLED SUBSTANCE, AS CHARGED IN COUNTS 2-29 OF THE SUPERSEDING INDICTMENT, WAS ISSUED OTHER THAN FOR A LEGITIMATE MEDICAL PURPOSE AND OUTSIDE THE USUAL COURSE OF PROFESSIONAL PRACTICE.

# INSTRUCTION NO. 29

YOU ARE INSTRUCTED, AS A MATTER OF LAW, THAT BENZPHETAMINE, DIDREX, PHENDIMETRAZINE, BONTRIL, AND ADIPOST, ARE SCHEDULE III CONTROLLED SUBSTANCES, AND THAT DIETHYLPROPION, TENUATE, PHENTERMINE, ADIPEX-P, SIBUTRAMINE, MERIDIA, ZALEPLON, SONATA, ZOLPIDEM TARTRATE, AND AMBIEN ARE SCHEDULE IV CONTROLLED SUBSTANCES.

IT IS SOLELY FOR THE JURY, HOWEVER, TO DETERMINE WHETHER OR NOT THE GOVERNMENT HAS PROVEN BEYOND A REASONABLE DOUBT THAT THE DEFENDANT DISTRIBUTED OR DISPENSED A SUBSTANCE WHICH WAS BENZPHETAMINE, DIDREX, PHENDIMETRAZINE, BONTRIL, ADIPOST, DIETHYLPROPION, TENUATE, PHENTERMINE, ADIPEX-P, SIBUTRAMINE, MERIDIA, ZALEPLON, SONATA, ZOLPIDEM TARTRATE, OR AMBIEN.

## INSTRUCTION NO. 30

IT IS NOT NECESSARY FOR THE GOVERNMENT TO PROVE THAT THE DEFENDANTS KNEW THE PRECISE NATURE OF THE CONTROLLED SUBSTANCE THAT WAS DISTRIBUTED OR DISPENSED.

THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT, HOWEVER, THAT DEFENDANT DID KNOW THAT SOME TYPE OF CONTROLLED SUBSTANCE WAS DISTRIBUTED OR DISPENSED.

IN ADDITION, THE GOVERNMENT IS NOT REQUIRED TO PROVE THE AMOUNT OR QUANTITY OF THE CONTROLLED SUBSTANCE THAT WAS CHARGED IN THE SUPERSEDING INDICTMENT. THE GOVERNMENT NEED ONLY PROVE BEYOND A REASONABLE DOUBT THAT THERE WAS A MEASURABLE OR DETECTABLE AMOUNT OF THE CONTROLLED SUBSTANCE.

## INSTRUCTION NO. 31

THE AFFILIATE DEFENDANTS CONTEND THAT THEIR ACTIONS WERE DONE WITH A GOOD FAITH BELIEF THAT THE CONTROLLED SUBSTANCES WERE BEING DISTRIBUTED FOR A LEGITIMATE MEDICAL PURPOSE AND IN THE USUAL COURSE OF THE PROFESSIONAL PRACTICE OF DOCTORS.

THE FEDERAL LAWS AT ISSUE IN THIS CASE SUBJECT TO CRIMINAL PUNISHMENT ONLY THOSE PERSONS WHO KNOWINGLY DISTRIBUTE CONTROLLED SUBSTANCES OUTSIDE THE USUAL COURSE OF PROFESSIONAL PRACTICE AND WITHOUT A LEGITIMATE MEDICAL PURPOSE OR THOSE PERSONS WHO AID AND ABET THE DISTRIBUTION OF CONTROLLED SUBSTANCES KNOWING THAT THEY ARE BEING DISTRIBUTED OUTSIDE A DOCTOR'S USUAL COURSE OF PROFESSIONAL PRACTICE AND WITHOUT A LEGITIMATE MEDICAL PURPOSE .

IN ORDER TO SUSTAIN ITS BURDEN OF PROOF ON COUNT 1, THEN, THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT THAT AN AFFILIATE DEFENDANT CONSPIRED TO DISTRIBUTE A CONTROLLED SUBSTANCE AND DID SO OTHER THAN IN THE GOOD FAITH BELIEF THAT THE CONTROLLED SUBSTANCES WERE BEING DISTRIBUTED FOR A LEGITIMATE MEDICAL PURPOSE AND IN THE USUAL COURSE OF THE PROFESSIONAL PRACTICE OF A DOCTOR.

IN ORDER TO SUSTAIN ITS BURDEN OF PROOF ON COUNTS 3-4, 6-26 AND 28-29, THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT THAT AN AFFILIATE DEFENDANT AIDED AND ABETTED THE DISTRIBUTION OF THE

CONTROLLED SUBSTANCE ALLEGED IN THE PARTICULAR COUNT AND DID SO OTHER THAN IN THE GOOD FAITH BELIEF THAT THE CONTROLLED SUBSTANCES WERE BEING DISTRIBUTED FOR A LEGITIMATE MEDICAL PURPOSE AND IN THE USUAL COURSE OF THE PROFESSIONAL PRACTICE OF A DOCTOR .

GOOD FAITH IN THIS CONTEXT MEANS GOOD INTENTIONS AND THE HONEST EXERCISE OF GOOD JUDGMENT. GOOD FAITH MEANS CONDUCT IN ACCORDANCE WITH WHAT THE PERSON SHOULD REASONABLY BELIEVE TO BE PROPER MEDICAL PRACTICE. WHEN YOU CONSIDER THIS "GOOD FAITH" DEFENSE, IT IS THE SINCERITY OF THE DEFENDANT'S BELIEF THAT IS IMPORTANT.

IN DETERMINING WHETHER OR NOT A DEFENDANT ACTED IN GOOD FAITH YOU MAY CONSIDER ALL OF THE EVIDENCE IN THE CASE WHICH RELATED TO THAT CONDUCT. AMONG OTHER FACTORS, YOU SHOULD CONSIDER ANY EVIDENCE PERTAINING TO THE PARTICULAR POSITION HELD BY THE DEFENDANT AND WHETHER THE DEFENDANT HAD ANY SPECIALIZED TRAINING OR KNOWLEDGE CONCERNING THE USUAL COURSE OF MEDICAL PRACTICE.

AGAIN THE BURDEN IS UPON THE GOVERNMENT TO PROVE, BEYOND A REASONABLE DOUBT, THAT AN AFFILIATE DEFENDANT DID NOT ACT IN GOOD FAITH.

UNLESS YOU FIND BEYOND A REASONABLE DOUBT THAT THE CONDUCT CHARGED IN COUNTS COUNTS 3-4, 6-26 AND 28-29 WAS NOT DONE IN GOOD FAITH, YOU MUST ACQUIT THE DEFENDANT OF THESE CHARGES.

# INSTRUCTION NO. 32

A DEFENDANT MAY BE FOUND GUILTY OF DISTRIBUTION OF CONTROLLED SUBSTANCES, EVEN IF THE DEFENDANT PERSONALLY DID NOT COMMIT THE ACT OR ACTS CONSTITUTING THE CRIME BUT AIDED AND ABETTED IN ITS COMMISSION. TO PROVE A DEFENDANT GUILTY OF AIDING AND ABETTING, THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT:

FIRST, SOMEONE ILLEGALLY DELIVERED OR CAUSED TO BE DELIVERED A CONTROLLED SUBSTANCE;

SECOND, THE DEFENDANT KNOWINGLY AND INTENTIONALLY AIDED, COUNSELED, COMMANDED, INDUCED OR PROCURED THAT PERSON TO COMMIT EACH ELEMENT OF THE ABOVE OFFENSE; AND

THIRD, THE DEFENDANT ACTED BEFORE THE CRIME WAS COMPLETED.

IT IS NOT ENOUGH THAT THE DEFENDANT MERELY ASSOCIATED WITH THE PERSON COMMITTING THE CRIME, OR UNKNOWINGLY OR UNINTENTIONALLY DID THINGS THAT WERE HELPFUL TO THAT PERSON, OR WAS PRESENT AT THE SCENE OF THE CRIME.

THE EVIDENCE MUST SHOW BEYOND A REASONABLE DOUBT THAT THE DEFENDANT ACTED WITH THE KNOWLEDGE AND INTENTION OF HELPING THAT PERSON ILLEGALLY DISTRIBUTE A CONTROLLED

SUBSTANCE.

THE GOVERNMENT IS NOT REQUIRED TO PROVE PRECISELY WHICH DEFENDANT ACTUALLY COMMITTED THE CRIME AND WHICH DEFENDANT AIDED AND ABETTED.

INSTRUCTION NO. 33

DEFENDANTS PHILIP BIDWELL, JEFFREY LIGHT, TRACY TYLER, RICHARD KOCH, AND PETER BRAGANSA ARE CHARGED IN COUNT 30 OF THE SUPERSEDING INDICTMENT WITH THE OFFENSE OF CONSPIRACY TO COMMIT WIRE FRAUD, IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTION 1349. IN ORDER FOR A DEFENDANT TO BE FOUND GUILTY OF THAT CHARGE THE GOVERNMENT MUST PROVE EACH OF THE FOLLOWING ELEMENTS BEYOND A REASONABLE DOUBT:

FIRST, BEGINNING IN OR ABOUT AUGUST 2004, AND ENDING IN OR ABOUT JUNE 2006, THERE WAS AN AGREEMENT BETWEEN TWO OR MORE PERSONS TO COMMIT THE OFFENSE OF WIRE FRAUD AS CHARGED IN THE SUPERSEDING INDICTMENT; AND

SECOND, THE DEFENDANT BECAME A MEMBER OF THE CONSPIRACY KNOWING OF AT LEAST ONE OF ITS OBJECTS AND INTENDING TO HELP ACCOMPLISH IT.

I HAVE PREVIOUSLY DISCUSSED THE LAW RELATING TO THESE TWO ELEMENTS OF A CONSPIRACY CHARGE WHEN I INSTRUCTED YOU ON THE ESSENTIAL ELEMENTS OF THE CHARGE OF CONSPIRACY TO DISTRIBUTE CONTROLLED SUBSTANCES IN INSTRUCTION NO. 25.

///

///

CONSPIRACY TO COMMIT WIRE FRAUD REQUIRES THE SAME DEGREE OF INTENT NECESSARY TO COMMIT THE SUBSTANTIVE OFFENSE OF WIRE FRAUD, SPECIFICALLY, INTENT TO DEFRAUD.

INSTRUCTION NO. 34


DEFENDANTS PHILIP BIDWELL, JEFFREY LIGHT, TRACY TYLER, RICHARD KOCH, AND PETER BRAGANSA ARE CHARGED IN COUNTS 31 THROUGH 55 OF THE SUPERSEDING INDICTMENT WITH THE COMMISSION OF THE OFFENSE OF WIRE FRAUD, IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTION 1343. THE SUPERSEDING INDICTMENT CHARGES THAT THESE DEFENDANTS, HAVING DEVISED OR INTENDING TO DEVISE A SCHEME OR ARTIFICE TO DEFRAUD, OR TO OBTAIN MONEY BY MEANS OF MATERIALLY FALSE OR FRAUDULENT PRETENSES, REPRESENTATIONS, OR PROMISES, TRANSMITTED, OR CAUSE TO BE TRANSMITTED, BY MEANS OF WIRE COMMUNICATION IN INTERSTATE OR FOREIGN COMMERCE, WRITINGS, SIGNS, SIGNALS, PICTURES, OR SOUNDS, THAT IS, CUSTOMER ORDERS FOR PRESCRIPTION PHARMACEUTICALS MADE OVER THE INTERNET THROUGH AFFPOWER ENTERPRISE AFFILIATE AND MERCHANT WEBSITES, FOR THE PURPOSE OF EXECUTING SUCH SCHEME OR ARTIFICE.

# INSTRUCTION NO. 35

IN ORDER FOR A DEFENDANT TO BE FOUND GUILTY ON THE CHARGE OF WIRE FRAUD, THE GOVERNMENT MUST PROVE EACH OF THE FOLLOWING ELEMENTS BEYOND A REASONABLE DOUBT:

FIRST, THE DEFENDANT PARTICIPATED IN EITHER A SCHEME OR PLAN TO DEFRAUD OR A SCHEME OR PLAN TO OBTAIN MONEY OR PROPERTY BY MAKING FALSE PROMISES OR STATEMENTS, WITH ALL OF YOU AGREEING ON AT LEAST ONE PARTICULAR FALSE PROMISE OR STATEMENT THAT WAS MADE;

SECOND, THE DEFENDANT KNEW THAT THE PROMISES OR STATEMENTS WERE FALSE;

THIRD, THE PROMISES OR STATEMENTS WERE MATERIAL, THAT IS, THEY WOULD REASONABLY INFLUENCE A PERSON OR WERE CAPABLE OF INFLUENCING A PERSON TO PART WITH MONEY OR PROPERTY;

FOURTH, THE DEFENDANT ACTED WITH THE INTENT TO DEFRAUD; AND

FIFTH, INTERSTATE WIRE TRANSMISSIONS WERE USED TO CARRY OUT OR ATTEMPT TO CARRY OUT AN ESSENTIAL PART OF THE SCHEME. A WIRE TRANSMISSION IS CAUSED WHEN ONE KNOWS THAT THE WIRES WILL BE USED IN THE ORDINARY COURSE OF BUSINESS OR WHEN ONE CAN REASONABLY FORESEE SUCH USE. THE GOVERNMENT NEED NOT

PROVE THAT THE SCHEME TO DEFRAUD CONTEMPLATED THE USE OF THE WIRES AS AN ESSENTIAL ELEMENT, OR THAT ANY PARTICULAR DEFENDANT SENT ANYTHING BY WIRE, OR THAT ANY PARTICULAR DEFENDANT SPECIFICALLY KNEW OF SPECIFIC WIRE TRANSMISSIONS. IT DOES NOT MATTER WHETHER THE MATERIAL SENT BY WIRE WAS ITSELF FALSE OR DECEPTIVE SO LONG AS THE WIRE TRANSMISSION WAS USED AS A PART OF THE SCHEME. NOR DOES IT MATTER WHETHER THE SCHEME OR PLAN WAS SUCCESSFUL, WHETHER ANYONE WAS ACTUALLY DECEIVED BY THE MISREPRESENTATIONS, OR WHETHER ANY MONEY OR PROPERTY WAS OBTAINED.

INSTRUCTION NO. 36

WITH RESPECT TO THE WIRE FRAUD COUNTS, A DEFENDANT'S ACTIVITIES CAN BE A SCHEME OR ARTIFICE TO DEFRAUD WHETHER OR NOT ANY SPECIFIC, AFFIRMATIVE MISREPRESENTATIONS ARE INVOLVED. THE DECEPTION NEED NOT BE PREMISED UPON WORDS OR STATEMENTS STANDING ALONE. THE ARRANGEMENT OF THE WORDS OR THE CIRCUMSTANCES IN WHICH THEY ARE USED MAY CREATE AN APPEARANCE WHICH IS FALSE OR DECEPTIVE, EVEN IF THE WORDS THEMSELVES FALL SHORT OF THIS. EVIDENCE BEYOND A REASONABLE DOUBT THAT A SCHEME WAS REASONABLY CALCULATED TO DECEIVE IS SUFFICIENT TO ESTABLISH A SCHEME TO DEFRAUD.

TO PROVE A DEFENDANT GUILTY OF WIRE FRAUD BASED ON MAKING A FALSE OR MISLEADING REPRESENTATION, THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT THAT THE DEFENDANT KNEW THE REPRESENTATION WAS FALSE, OR THAT THE DEFENDANT MADE THE REPRESENTATION WITH RECKLESS INDIFFERENCE TO ITS TRUTH OR FALSITY.

# INSTRUCTION NO. 37

WITH REGARD TO THE WIRE FRAUD COUNTS, EACH MEMBER OF A SCHEME TO DEFRAUD IS RESPONSIBLE FOR OTHER CO-SCHEMERS' ACTIONS DURING THE COURSE OF AND IN FURTHERANCE OF THE SCHEME.

IF YOU DECIDE BEYOND A REASONABLE DOUBT THAT A DEFENDANT WAS A MEMBER OF A SCHEME TO DEFRAUD AND THAT THE DEFENDANT HAD THE INTENT TO DEFRAUD, THAT DEFENDANT IS RESPONSIBLE FOR WHAT OTHER CO-SCHEMERS SAID OR DID TO CARRY OUT THE SCHEME, EVEN IF THE DEFENDANT DID NOT KNOW WHAT THEY SAID OR DID.

FOR A DEFENDANT TO BE GUILTY OF AN OFFENSE COMMITTED BY A CO-SCHEMER IN FURTHERANCE OF THE SCHEME, THE OFFENSE MUST BE ONE THAT COULD REASONABLY BE FORESEEN AS A NECESSARY AND NATURAL CONSEQUENCE OF THE SCHEME TO DEFRAUD.

INSTRUCTION NO. 38


AN INTENT TO DEFRAUD IS AN INTENT TO DECEIVE OR CHEAT.

# INSTRUCTION NO. 39

THE "GOOD FAITH" OF A DEFENDANT IS A COMPLETE DEFENSE TO THE WIRE FRAUD CHARGES CONTAINED IN THE INDICTMENT BECAUSE GOOD FAITH ON THE PART OF THE DEFENDANT IS, SIMPLY, INCONSISTENT WITH THE INTENT TO DEFRAUD, AN ELEMENT OF EACH WIRE FRAUD CHARGE IN THE INDICTMENT.

A PERSON WHO ACTS, OR CAUSES ANOTHER PERSON TO ACT, ON A BELIEF OR AN OPINION HONESTLY HELD IS NOT PUNISHABLE UNDER THIS STATUTE MERELY BECAUSE THE BELIEF OR OPINION TURNS OUT TO BE INACCURATE, INCORRECT, OR WRONG. AN HONEST MISTAKE IN JUDGMENT OR AN HONEST ERROR IN MANAGEMENT DOES NOT RISE TO THE LEVEL OF INTENT TO DEFRAUD.

A DEFENDANT DOES NOT ACT IN "GOOD FAITH" IF, EVEN THOUGH HE HONESTLY HOLDS A CERTAIN OPINION OR BELIEF, THAT DEFENDANT ALSO KNOWINGLY MAKES MATERIAL FALSE OR FRAUDULENT PRETENSES, REPRESENTATIONS, OR PROMISES TO OTHERS, OR MAKES THEM WITH A RECKLESS INDIFFERENCE TO THEIR TRUTH OR FALSITY, OR IF THE DEFENDANT CONCEALS MATERIAL FACTS.

WHILE THE TERM "GOOD FAITH" HAS NO PRECISE DEFINITION, IT ENCOMPASSES, AMONG OTHER THINGS, A BELIEF OR OPINION HONESTLY HELD, AN ABSENCE OF MALICE OR ILL WILL, AND AN

INTENTION TO AVOID TAKING UNFAIR ADVANTAGE OF ANOTHER. IT IS NOT A DEFENSE TO WIRE FRAUD THAT A VICTIM MAY HAVE BEEN GULLIBLE OR NEGLIGENT.

IN DETERMINING WHETHER OR NOT THE GOVERNMENT HAS PROVEN THAT EACH DEFENDANT ACTED WITH AN INTENT TO DEFRAUD OR WHETHER THE DEFENDANT ACTED IN GOOD FAITH, THE JURY MUST CONSIDER ALL OF THE EVIDENCE RECEIVED IN THE CASE BEARING ON THE DEFENDANT'S STATE OF MIND.

THE BURDEN OF PROVING GOOD FAITH DOES NOT REST WITH THE DEFENDANT BECAUSE THE DEFENDANT DOES NOT HAVE ANY OBLIGATION TO PROVE ANYTHING IN THIS CASE. IT IS THE GOVERNMENT'S BURDEN TO PROVE TO YOU, BEYOND A REASONABLE DOUBT, THAT EACH DEFENDANT ACTED WITH THE INTENT TO DEFRAUD

INSTRUCTION NO. 40


ALL OF THE DEFENDANTS ARE CHARGED IN COUNT 56 OF THE SUPERSEDING INDICTMENT WITH CONSPIRACY TO COMMIT MONEY LAUNDERING, IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTION 1956(H). COUNT 56 CHARGES THAT THE DEFENDANTS, TOGETHER AND WITH OTHER PERSON, KNOWINGLY AND INTENTIONALLY CONSPIRED TO TRANSPORT, TRANSMIT OR TRANSFER FUNDS FROM A PLACE IN THE UNITED STATES TO AND THROUGH A PLACE OUTSIDE THE UNITED STATES, AND TO A PLACE IN THE UNITED STATES FROM AND THROUGH A PLACE OUTSIDE THE UNITED STATES, WITH THE INTENT TO PROMOTE THE CARRYING ON OF SPECIFIED UNLAWFUL ACTIVITY, THAT IS, (1) AS TO ALL DEFENDANTS, THE UNLAWFUL DISTRIBUTION AND DISPENSING OF CONTROLLED SUBSTANCES AND (2) AS TO ONLY THE AFFILIATE DEFENDANTS, WIRE FRAUD.

INSTRUCTION NO. 41

IN ORDER FOR A DEFENDANT TO BE FOUND GUILTY OF CONSPIRACY TO COMMIT MONEY LAUNDERING, THE GOVERNMENT MUST PROVE EACH OF THE FOLLOWING ELEMENTS BEYOND A REASONABLE DOUBT:

FIRST, BEGINNING IN OR ABOUT AUGUST 2004, AND ENDING IN OR ABOUT JUNE 2006, THERE WAS AN AGREEMENT BETWEEN TWO OR MORE PERSONS TO COMMIT MONEY LAUNDERING AS CHARGED IN THE SUPERSEDING INDICTMENT; AND

SECOND, THE DEFENDANT BECAME A MEMBER OF THE CONSPIRACY KNOWING OF AT LEAST ONE OF ITS OBJECTS AND INTENDING TO HELP ACCOMPLISH IT.

I HAVE PREVIOUSLY DISCUSSED THE LAW RELATING TO THESE ELEMENTS OF A CONSPIRACY CHARGE IN INSTRUCTION NO. 25.

CONSPIRACY TO COMMIT A SUBSTANTIVE OFFENSE, THAT IS, MONEY LAUNDERING, REQUIRES THE SAME DEGREE OF INTENT NECESSARY TO COMMIT THE SUBSTANTIVE OFFENSE ITSELF.

# INSTRUCTION NO. 42

AN INDIVIDUAL TRANSFERS FUNDS TO PROMOTE UNLAWFUL ACTIVITY IN VIOLATION OF SECTION 1956(A)(2)(A) OF TITLE 18 OF THE UNITED STATES CODE IF EACH OF THE FOLLOWING ELEMENTS IS PROVEN BEYOND A REASONABLE DOUBT:

FIRST, THE INDIVIDUAL TRANSFERRED OR INTENDED TO TRANSFER MONEY FROM A PLACE IN THE UNITED STATES TO OR THROUGH A PLACE OUTSIDE THE UNITED STATES OR TO A PLACE IN THE UNITED STATES FROM OR THROUGH A PLACE OUTSIDE THE UNITED STATES; AND

SECOND, THE INDIVIDUAL ACTED WITH THE INTENT TO PROMOTE THE CARRYING ON OF SPECIFIED UNLAWFUL ACTIVITY, IN THIS CASE UNLAWFUL DISTRIBUTION OF CONTROLLED SUBSTANCES AS I HAVE PREVIOUSLY INSTRUCTED YOU IN INSTRUCTION NO. 28 OR WIRE FRAUD AS I HAVE PREVIOUSLY INSTRUCTED YOU IN INSTRUCTION NO. 35.

IN ORDER FOR YOU TO RETURN A VERDICT OF GUILTY AS TO ANY DEFENDANT ON THE CHARGE OF CONSPIRACY TO COMMIT MONEY LAUNDERING AS ALLEGED IN COUNT 56 OF THE SUPERSEDING INDICTMENT, YOU MUST UNANIMOUSLY AGREE UPON

(1)    WHETHER THE DEFENDANT CONSPIRED TO TRANSFER MONEY FROM A PLACE IN THE UNITED STATES TO OR THROUGH A PLACE OUTSIDE THE UNITED STATES, OR TO A PLACE IN THE UNITED STATES

FROM OR THROUGH A PLACE OUTSIDE THE UNITED STATES, OR BOTH;

(2)     AS TO THE AFFILIATE DEFENDANTS, WHETHER THE DEFENDANT ACTED WITH THE INTENT TO PROMOTE THE CARRYING ON OF UNLAWFUL DISTRIBUTION OF CONTROLLED SUBSTANCES, OR WIRE FRAUD, OR BOTH; AND

(3)     AS TO THE PHARMACIST DEFENDANTS, WHETHER THE DEFENDANT ACTED WITH THE INTENT TO PROMOTE THE CARRYING ON OF UNLAWFUL DISTRIBUTION OF CONTROLLED SUBSTANCES.

# INSTRUCTION NO. 43

ALL OF THE DEFENDANTS ARE CHARGED IN COUNT 57 OF THE SUPERSEDING INDICTMENT WITH CONSPIRACY TO DISPENSE MISBRANDED DRUGS, IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTION 371. COUNT 57 CHARGES THAT THE DEFENDANTS, TOGETHER AND WITH OTHER PERSONS, CONSPIRED TO DISPENSE PRESCRIPTION DRUGS, INCLUDING BUT NOT LIMITED TO BENZPHETAMINE; DIDREX®; PHENDIMETRAZINE; BONTRIL®; ADIPOST®; DIETHYLPROPION; TENUATE®; PHENTERMINE; ADIPEX-P®; SIBUTRAMINE; MERIDIA®; ZALEPLON; SONATA®; ZOLPIDEM TARTRATE; AMBIEN®; AMITRIPTYLINE; BUPROPION; WELLBUTRIN®; ZYBAN®; BUSPIRONE; CARISOPRODOL; SOMA®; CELEXA®; CYCLOBENZAPRINE; FLEXERIL®; ESTRADIOL; FLUOXETINE; PROZAC®; FLUVOXAMINE; PAROXETINE; PAXIL®; SERTRALINE; ZOLOFT®; SILDENAFIL; VIAGRA®; TADALAFIL; CIALIS®; TIZANIDINE; ZANAFLEX®; AND TRAMADOL, WITHOUT VALID WRITTEN PRESCRIPTIONS OF A PRACTITIONER LICENSED BY LAW TO ADMINISTER SUCH DRUGS, WHICH WOULD CAUSE THE DRUGS TO BECOME MISBRANDED WHILE HELD FOR SALE, AND TO DISPENSE SUCH DRUGS AFTER THEIR SHIPMENT IN INTERSTATE COMMERCE AND WITH THE INTENT TO DEFRAUD AND MISLEAD THE PURCHASERS OF SAID DRUGS AND GOVERNMENT REGULATORY AGENCIES.

COUNT 57 FURTHER CHARGES THAT, IN FURTHERANCE OF THE CONSPIRACY, AND TO ACCOMPLISH ITS UNLAWFUL OBJECTIVES, THE OVERT ACTS ALLEGED IN COUNTS 2 THROUGH 29 OF THE SUPERSEDING INDICTMENT WERE COMMITTED WITHIN THE SOUTHERN DISTRICT OF CALIFORNIA AND ELSEWHERE.

INSTRUCTION NO. 44

IN ORDER FOR A DEFENDANT TO BE FOUND GUILTY OF CONSPIRACY TO DISPENSE MISBRANDED DRUGS AS CHARGED IN COUNT 57 OF THE SUPERSEDING INDICTMENT, THE GOVERNMENT MUST PROVE EACH OF THE FOLLOWING ELEMENTS BEYOND A REASONABLE DOUBT:

FIRST, BEGINNING IN OR ABOUT AUGUST 2004, AND ENDING IN OR ABOUT JUNE 2006, THERE WAS AN AGREEMENT BETWEEN TWO OR MORE PERSONS TO COMMIT THE OFFENSE OF DISPENSING A MISBRANDED DRUG WITH THE INTENT TO DEFRAUD OR MISLEAD AS CHARGED IN THE SUPERSEDING INDICTMENT;

SECOND, THE DEFENDANT BECAME A MEMBER OF THE CONSPIRACY KNOWING OF AT LEAST ONE OF ITS OBJECTS AND INTENDING TO HELP ACCOMPLISH IT, AND;

THIRD, ONE OF THE MEMBERS OF THE CONSPIRACY PERFORMED AT LEAST ONE OVERT ACT FOR THE PURPOSE OF CARRYING OUT THE CONSPIRACY, WITH ALL OF YOU AGREEING ON A PARTICULAR OVERT ACT THAT YOU FIND WAS COMMITTED.

I HAVE PREVIOUSLY DISCUSSED THE LAW RELATING TO THE FIRST TWO ELEMENTS OF A CONSPIRACY CHARGE IN INSTRUCTION NO. 25. WITH RESPECT TO THE THIRD ELEMENT OF THIS CONSPIRACY CHARGE, COMMISSION OF AN OVERT ACT, I INSTRUCT YOU THAT AN OVERT ACT

DOES NOT ITSELF HAVE TO BE UNLAWFUL. A LAWFUL ACT MAY BE AN ELEMENT OF A CONSPIRACY IF IT WAS DONE FOR THE PURPOSE OF CARRYING OUT THE CONSPIRACY. THE GOVERNMENT IS NOT REQUIRED TO PROVE THAT THE DEFENDANT PERSONALLY DID ONE OF THE OVERT ACTS.

CONSPIRACY TO COMMIT A SUBSTANTIVE OFFENSE, THAT IS, DISPENSING OF MISBRANDED DRUGS WITH THE INTENT TO DEFRAUD OR MISLEAD, REQUIRES THE SAME DEGREE OF INTENT NECESSARY TO COMMIT THE SUBSTANTIVE OFFENSE ITSELF.

INSTRUCTION NO. 45

AS TO THE PHARMACIST DEFENDANTS, THE CRIME OF CONSPIRACY TO DISPENSE MISBRANDED DRUGS WITH THE INTENT TO DEFRAUD INCLUDES THE LESSER CRIME OF CONSPIRACY TO DISPENSE MISBRANDED DRUGS. IF (1) ANY OF YOU ARE NOT CONVINCED BEYOND A REASONABLE DOUBT THAT ANY PHARMACIST DEFENDANT IS GUILTY OF THE OFFENSE OF CONSPIRACY TO DISPENSE MISBRANDED DRUGS WITH THE INTENT TO DEFRAUD; AND (2) ALL OF YOU ARE CONVINCED BEYOND A REASONABLE DOUBT THAT THE PHARMACIST DEFENDANT IS GUILTY OF THE LESSER CRIME OF CONSPIRACY TO DISPENSE MISBRANDED DRUGS, YOU MAY FIND THE DEFENDANT GUILTY OF THE OFFENSE OF CONSPIRACY TO DISPENSE MISBRANDED DRUGS.

IN ORDER FOR THE PHARMACIST DEFENDANT TO BE FOUND GUILTY OF THE LESSER CRIME OF CONSPIRACY TO DISPENSE MISBRANDED DRUGS, THE GOVERNMENT MUST PROVE EACH OF THE FOLLOWING ELEMENTS BEYOND A REASONABLE DOUBT:

FIRST, BEGINNING IN OR ABOUT AUGUST 2004, AND ENDING IN OR ABOUT JUNE 2006, THERE WAS AN AGREEMENT BETWEEN TWO OR MORE PERSONS TO COMMIT THE OFFENSE OF DISPENSING A MISBRANDED DRUG;

SECOND, THE PHARMACIST DEFENDANT BECAME A MEMBER OF

THE CONSPIRACY KNOWING OF AT LEAST ONE OF ITS OBJECTS AND INTENDING TO HELP ACCOMPLISH IT, AND;

THIRD, ONE OF THE MEMBERS OF THE CONSPIRACY PERFORMED AT LEAST ONE OVERT ACT FOR THE PURPOSE OF CARRYING OUT THE CONSPIRACY, WITH ALL OF YOU AGREEING ON A PARTICULAR OVERT ACT THAT YOU FIND WAS COMMITTED.

I HAVE PREVIOUSLY DISCUSSED THE LAW RELATING TO THESE THREE ELEMENTS OF A CONSPIRACY CHARGE.

CONSPIRACY TO COMMIT A SUBSTANTIVE OFFENSE, THAT IS, DISPENSING MISBRANDED DRUGS, REQUIRES THE SAME DEGREE OF INTENT NECESSARY TO COMMIT THE SUBSTANTIVE OFFENSE ITSELF.

# INSTRUCTION NO. 46

AS TO THE AFFILIATE DEFENDANTS, THE CRIME OF CONSPIRACY TO DISPENSE MISBRANDED DRUGS WITH THE INTENT TO DEFRAUD INCLUDES THE LESSER CRIME OF CONSPIRACY TO DISPENSE MISBRANDED DRUGS. IF (1) ALL OF YOU ARE NOT CONVINCED BEYOND A REASONABLE DOUBT THAT ANY AFFILIATE DEFENDANT IS GUILTY OF THE OFFENSE OF CONSPIRACY TO DISPENSE MISBRANDED DRUGS WITH THE INTENT TO DEFRAUD; AND (2) ALL OF YOU ARE CONVINCED BEYOND A REASONABLE DOUBT THAT THE AFFILIATE DEFENDANT IS GUILTY OF THE LESSER CRIME OF CONSPIRACY TO DISPENSE MISBRANDED DRUGS, YOU MAY FIND THE DEFENDANT GUILTY OF THE OFFENSE OF CONSPIRACY TO DISPENSE MISBRANDED DRUGS.

IN ORDER FOR THE AFFILIATE DEFENDANT TO BE FOUND GUILTY OF THE LESSER CRIME OF CONSPIRACY TO DISPENSE MISBRANDED DRUGS, THE GOVERNMENT MUST PROVE EACH OF THE FOLLOWING ELEMENTS BEYOND A REASONABLE DOUBT:

FIRST, BEGINNING IN OR ABOUT AUGUST 2004, AND ENDING IN OR ABOUT JUNE 2006, THERE WAS AN AGREEMENT BETWEEN TWO OR MORE PERSONS TO COMMIT THE OFFENSE OF DISPENSING A MISBRANDED DRUG;

SECOND, THE AFFILIATE DEFENDANT BECAME A MEMBER OF THE

CONSPIRACY KNOWING OF AT LEAST ONE OF ITS OBJECTS AND INTENDING TO HELP ACCOMPLISH IT, AND;

THIRD, ONE OF THE MEMBERS OF THE CONSPIRACY PERFORMED AT LEAST ONE OVERT ACT FOR THE PURPOSE OF CARRYING OUT THE CONSPIRACY, WITH ALL OF YOU AGREEING ON A PARTICULAR OVERT ACT THAT YOU FIND WAS COMMITTED.

I HAVE PREVIOUSLY DISCUSSED THE LAW RELATING TO THESE THREE ELEMENTS OF A CONSPIRACY CHARGE.

CONSPIRACY TO COMMIT A SUBSTANTIVE OFFENSE, THAT IS, DISPENSING MISBRANDED DRUGS, REQUIRES, AS TO THE AFFILIATE DEFENDANTS, FOR THIS LESSER INCLUDED OFFENSE, THAT THEY ACTED WITH THE KNOWLEDGE THAT THE MEDICATIONS WOULD BE DISPENSED WITHOUT A VALID PRESCRIPTION.

INSTRUCTION NO. 47

TITLE 21, UNITED STATES CODE, SECTIONS 353(B)(1), 331(K) AND 333(A)(2) MAKE IT A CRIME TO DO ANY ACT WITH RESPECT TO A DRUG IF SUCH AN ACT IS DONE WHILE SUCH DRUG IS HELD FOR SALE (WHETHER OR NOT THE FIRST SALE) AFTER SHIPMENT IN INTERSTATE COMMERCE AND RESULTS IN THE ARTICLE BEING MISBRANDED.

THE DEFENDANTS ARE CHARGED IN COUNTS 59-74, 76, 77, AND 83 OF THE SUPERSEDING INDICTMENT WITH DISPENSING MISBRANDED DRUGS.

IN ORDER FOR A DEFENDANT TO BE FOUND GUILTY OF DISPENSING MISBRANDED DRUGS UNDER THE FOOD, DRUG AND COSMETIC ACT, THE GOVERNMENT MUST PROVE EACH OF THE FOLLOWING ELEMENTS BEYOND A REASONABLE DOUBT:

ONE, THAT A DRUG WAS DISPENSED;

TWO, THAT THE DRUG DISPENSED WAS A PRESCRIPTION DRUG;

THREE, THAT THE PRESCRIPTION DRUG WAS DISPENSED WHILE THE DRUG WAS HELD FOR SALE, WHETHER OR NOT THE FIRST SALE, AFTER THE DRUG HAD BEEN SHIPPED IN INTERSTATE COMMERCE;

FOUR, THAT THE DRUG WAS NOT DISPENSED UPON A WRITTEN PRESCRIPTION OF A PRACTITIONER LICENSED BY LAW TO ADMINISTER SUCH DRUG;

FIVE, THAT THE DEFENDANT KNEW THE MEDICATIONS WOULD BE

DISPENSED WITHOUT A VALID PRESCRIPTION;

SIX, THAT THE DEFENDANT ACTED WITH THE INTENT TO MISLEAD OR DEFRAUD THE PURCHASERS OR GOVERNMENT REGULATORY AGENCIES; AND

SEVEN, THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT THAT THE DEFENDANTS DID NOT ACT IN GOOD FAITH.

# INSTRUCTION NO. 48

WITH REGARD TO THE PHARMACIST DEFENDANTS, THE CRIME OF DISPENSING MISBRANDED DRUGS WITH THE INTENT TO DEFRAUD INCLUDES THE LESSER CRIME OF DISPENSING MISBRANDED DRUGS. IF (1) ANY OF YOU ARE NOT CONVINCED BEYOND A REASONABLE DOUBT THAT THE DEFENDANT IS GUILTY OF THE OFFENSE OF DISPENSING MISBRANDED DRUGS WITH THE INTENT TO DEFRAUD; AND (2) ALL OF YOU ARE CONVINCED BEYOND A REASONABLE DOUBT THAT THE DEFENDANT IS GUILTY OF THE LESSER OFFENSE OF DISPENSING MISBRANDED DRUGS, YOU MAY FIND THE DEFENDANT GUILTY OF THE OFFENSE OF DISPENSING MISBRANDED DRUGS.

IN ORDER FOR THE DEFENDANT TO BE FOUND GUILTY OF THE LESSER CRIME OF DISPENSING MISBRANDED DRUGS, THE GOVERNMENT MUST PROVE EACH OF THE FOLLOWING ELEMENTS BEYOND A REASONABLE DOUBT:

ONE, THAT THE DEFENDANT DISPENSED A DRUG;

TWO, THAT THE DRUG DISPENSED BY THE DEFENDANT WAS A PRESCRIPTION DRUG;

THREE, THAT THE DEFENDANT DISPENSED THE PRESCRIPTION DRUG WHILE THE DRUG WAS HELD FOR SALE, WHETHER OR NOT THE FIRST SALE, AFTER THE DRUG HAD BEEN SHIPPED IN INTERSTATE

COMMERCE; AND

FOUR, THAT THE DEFENDANT DID NOT DISPENSE THE DRUG UPON A VALID WRITTEN PRESCRIPTION OF A PRACTITIONER LICENSED BY LAW TO ADMINISTER SUCH DRUG.

IN ORDER FOR YOU TO FIND A PHARMACIST DEFENDANT GUILTY OF THE LESSER INCLUDED CRIME OF DISPENSING MISBRANDED DRUGS, THE GOVERNMENT IS NOT REQUIRED TO PROVE THAT THE DEFENDANT HAD KNOWLEDGE THAT THE PRESCRIPTION WAS, IN FACT, LEGALLY INVALID.

INSTRUCTION NO. 49

WITH RESPECT TO THE AFFILIATE DEFENDANTS, THE CRIME OF

MISBRANDING WITH THE INTENT TO DEFRAUD OR MISLEAD INCLUDES THE

LESSER CRIME OF MISBRANDING. IF (1) ALL OF YOU ARE NOT CONVINCED

BEYOND A REASONABLE DOUBT THAT THE DEFENDANT IS GUILTY OF

MISBRANDING WITH THE INTENT TO DEFRAUD OR MISLEAD ; AND (2) ALL

OF YOU ARE CONVINCED BEYOND A REASONABLE DOUBT THAT THE

DEFENDANT IS GUILTY OF THE LESSER CRIME OF MISBRANDING, YOU

MAY FIND THE DEFENDANT GUILTY OF MISBRANDING.

IN ORDER FOR THE DEFENDANT TO BE FOUND GUILTY OF THE

LESSER CRIME OF MISBRANDING, THE GOVERNMENT MUST PROVE EACH

OF THE FOLLOWING ELEMENTS BEYOND A REASONABLE DOUBT:

(1)    THAT A DRUG WAS DISPENSED;

(2)    THAT THE DRUG DISPENSED WAS A PRESCRIPTION DRUG;

(3)    THAT THE PRESCRIPTION DRUG WAS DISPENSED WHILE THE

DRUG WAS HELD FOR SALE, WHETHER OR NOT THE FIRST SALE, AFTER

THE DRUG HAD BEEN SHIPPED IN INTERSTATE COMMERCE;

(4)    THAT THE DRUG WAS NOT DISPENSED UPON A VALID WRITTEN

PRESCRIPTION OF A PRACTITIONER LICENSED BY LAW TO ADMINISTER

SUCH DRUG; AND

///

(5)    THE DEFENDANT KNEW THAT THE MEDICATIONS WOULD BE DISPENSED WITHOUT A VALID PRESCRIPTION.

# INSTRUCTION NO. 50

TO DISPENSE A DRUG MEANS TO DELIVER IT OR CAUSE IT TO BE DELIVERED TO AN ULTIMATE USER.

## INSTRUCTION NO. 51

A "DRUG" IS DEFINED IN THE FOOD, DRUG, AND COSMETIC ACT AND IN THESE INSTRUCTIONS AS ANY ARTICLE (OTHER THAN FOOD) INTENDED FOR USE IN THE DIAGNOSIS, CURE, MITIGATION, TREATMENT, OR PREVENTION OF DISEASE IN HUMANS OR INTENDED TO AFFECT THE STRUCTURE OR ANY FUNCTION OF THE HUMAN BODY.

# INSTRUCTION NO. 52

UNDER THE FOOD, DRUG, AND COSMETIC ACT AND IN THESE INSTRUCTIONS, THE TERM "PRESCRIPTION DRUG" INCLUDES ALL OF THE FOLLOWING DRUGS: BENZPHETAMINE; DIDREX®; PHENDIMETRAZINE; BONTRIL®; ADIPOST®; DIETHYLPROPION; TENUATE®; PHENTERMINE; ADIPEX-P®; SIBUTRAMINE; MERIDIA®; ZALEPLON; SONATA®; ZOLPIDEM TARTRATE; AMBIEN®; AMITRIPTYLINE; BUPROPION; WELLBUTRIN®; ZYBAN®; BUSPIRONE; CARISOPRODOL; SOMA®; CELEXA®; CYCLOBENZAPRINE; FLEXERIL®; ESTRADIOL; FLUOXETINE; PROZAC®; FLUVOXAMINE; PAROXETINE; PAXIL®; SERTRALINE; ZOLOFT®; SILDENAFIL; VIAGRA®; TADALAFIL; CIALIS®; TIZANIDINE; ZANAFLEX®; AND TRAMADOL.

# INSTRUCTION NO. 53

FOR PURPOSES OF THE FOOD, DRUG, AND COSMETIC ACT AND COUNTS 59-74, 76, 77, AND 83 OF THE SUPERSEDING INDICTMENT, A "PRESCRIPTION" MEANS A WRITTEN ORDER, THAT IS DIRECTIONS FOR THE PREPARATION AND ADMINISTRATION OF A MEDICINE, REMEDY, OR DRUG FOR A REAL PATIENT WHO NEEDS IT AFTER AN EXAMINATION OR CONSULTATION BY A LICENSED PRACTITIONER WHO HAS A PHYSICIAN-PATIENT RELATIONSHIP WITH THE PATIENT.  TO BE VALID UNDER THE FOOD, DRUG, AND COSMETIC ACT, A PRESCRIPTION MUST BE ISSUED IN THE USUAL COURSE OF A PROFESSIONAL PRACTICE FOR A LEGITIMATE MEDICAL PURPOSE. WHETHER A PRESCRIPTION HAS BEEN ISSUED IN THE USUAL COURSE OF A PROFESSIONAL PRACTICE FOR A LEGITIMATE MEDICAL PURPOSE UNDER THE FOOD, DRUG, AND COSMETIC ACT IS DETERMINED IN PART BY REFERENCE TO THE LAWS AND REGULATIONS OF THE STATE IN WHICH THE PHYSICIAN IS LICENSED TO PRACTICE MEDICINE AND ISSUE PRESCRIPTIONS.

# INSTRUCTION NO. 54

UNDER THE FOOD, DRUG AND COSMETIC ACT AND COUNTS 59-74, 76, 77, AND 83 OF THE SUPERSEDING INDICTMENT, INTERSTATE COMMERCE MEANS COMMERCE BETWEEN ANY STATE AND ANY PLACE OUTSIDE OF THAT STATE. THE DEFENDANT NEED NOT HAVE INTRODUCED THE DRUG IN INTERSTATE COMMERCE HIMSELF OR HERSELF. NOR MUST THE DRUG HAVE ACTUALLY BEEN TRANSPORTED FROM ONE STATE TO ANOTHER IN ORDER FOR THE DRUG TO HAVE BEEN HELD FOR SALE AFTER SHIPMENT IN INTERSTATE COMMERCE. IT IS ENOUGH THAT THE DRUG WAS SHIPPED TO AND RECEIVED BY THE DEFENDANT AND HELD FOR SALE AND THAT, UPON RECEIVING THE DRUG, THE DEFENDANT HAD THE INTENT TO SHIP THE DRUG FROM ONE STATE TO ANOTHER.

# INSTRUCTION NO. 55

AN "INTENT TO DEFRAUD" FOR PURPOSES OF THE FOOD, DRUG, AND COSMETIC ACT MEANS AN INTENT TO DECEIVE OR CHEAT, ORDINARILY, FOR THE PURPOSE OF EITHER CAUSING SOME FINANCIAL LOSS TO ANOTHER OR BRINGING ABOUT SOME FINANCIAL GAIN TO ONE'S SELF. TO ACT WITH INTENT TO MISLEAD MEANS TO ACT WITH THE SPECIFIC INTENT TO CREATE A FALSE IMPRESSION BY MISSTATING, OMITTING, CONCEALING OR IMPLYING FACTS. FOR YOU TO FIND THAT THE DEFENDANT ACTED WITH THE INTENT TO DEFRAUD OR MISLEAD, THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT THAT THE FALSE REPRESENTATIONS OR OMISSIONS WERE MATERIAL, MEANING THAT THEY WOULD HAVE HAD A NATURAL TENDENCY TO INFLUENCE, OR WERE CAPABLE OF INFLUENCING, A PERSON. IT IS NOT NECESSARY, HOWEVER, TO PROVE THAT ANYONE WAS, IN FACT, DEFRAUDED OR MISLED, AS LONG AS IT IS ESTABLISHED BEYOND A REASONABLE DOUBT THAT THE DEFENDANT ACTED WITH THE SPECIFIC INTENT TO DEFRAUD OR MISLEAD.

A DEFENDANT ACTS WITH INTENT TO DEFRAUD OR MISLEAD UNDER THE FOOD, DRUG AND COSMETIC ACT IF THE DEFENDANT ACTS WITH THE SPECIFIC INTENT TO DEFRAUD OR MISLEAD EITHER THE GOVERNMENT OR THE CONSUMERS OF THE DEFENDANT'S PRODUCT. TO ACT WITH THE

INTENT TO DEFRAUD OR MISLEAD THE GOVERNMENT MEANS TO ACT WITH THE INTENT TO INTERFERE WITH OR OBSTRUCT A LAWFUL GOVERNMENT FUNCTION BY DECEIT, CRAFT, OR TRICKERY, OR AT LEAST BY MEANS THAT ARE DISHONEST. INTENT TO DEFRAUD OR MISLEAD THE GOVERNMENT CAN BE ESTABLISHED BY PROOF BEYOND A REASONABLE DOUBT THAT THE DEFENDANT TOOK AFFIRMATIVE STEPS IN AN EFFORT TO CONCEAL HIS ACTIVITIES FROM FEDERAL GOVERNMENT AGENCIES, SUCH AS THE DRUG ENFORCEMENT ADMINISTRATION OR THE FOOD AND DRUG ADMINISTRATION, OR FROM STATE GOVERNMENTAL AGENCIES, CHARGED WITH REGULATING THE ACTIVITIES OF THE DEFENDANT.

## INSTRUCTION NO. 56

THERE HAS BEEN EVIDENCE FROM WHICH YOU MAY CONCLUDE THAT DOCTOR SUBRAMANYA PRASAD WAS LICENSED TO PRACTICE MEDICINE IN THE STATE OF KENTUCKY. UNDER KENTUCKY LAW, DISHONORABLE, UNETHICAL, OR UNPROFESSIONAL CONDUCT BY A LICENSED PHYSICIAN OF A CHARACTER LIKELY TO DECEIVE, DEFRAUD, OR HARM THE PUBLIC OR ANY MEMBER THEREOF INCLUDED, BUT WAS NOT LIMITED TO, THE FOLLOWING ACTS BY A LICENSEE: PRESCRIBING OR DISPENSING ANY MEDICATION:

(A) WITH THE INTENT OR KNOWLEDGE THAT A MEDICATION WILL BE USED OR IS LIKELY TO BE USED OTHER THAN MEDICINALLY OR FOR AN ACCEPTED THERAPEUTIC PURPOSE;

(B) IN SUCH AMOUNTS THAT THE LICENSEE KNOWS OR HAS REASON TO KNOW, UNDER THE ATTENDANT CIRCUMSTANCES, THAT SAID AMOUNTS SO PRESCRIBED OR DISPENSED ARE EXCESSIVE UNDER ACCEPTED AND PREVAILING MEDICAL PRACTICE STANDARDS; OR

(C) IN RESPONSE TO ANY COMMUNICATION TRANSMITTED OR RECEIVED BY COMPUTER OR OTHER ELECTRONIC MEANS, WHEN THE LICENSEE FAILS TO TAKE THE FOLLOWING ACTIONS TO ESTABLISH AND MAINTAIN A PROPER PHYSICIAN-PATIENT RELATIONSHIP:

///

1. VERIFICATION THAT THE PERSON REQUESTING MEDICATION IS IN FACT WHO THE PATIENT CLAIMS TO BE;

2. ESTABLISHMENT OF A DOCUMENTED DIAGNOSIS THROUGH THE USE OF ACCEPTED MEDICAL PRACTICES; AND

3. MAINTENANCE OF A CURRENT MEDICAL RECORD.

FOR THE PURPOSES OF COMMUNICATIONS VIA COMPUTER OR OTHER ELECTRONIC MEANS, AN ELECTRONIC, ON-LINE, OR TELEPHONIC EVALUATION BY QUESTIONNAIRE IS INADEQUATE FOR THE INITIAL EVALUATION OF THE PATIENT OR FOR ANY FOLLOW-UP EVALUATION.

# INSTRUCTION NO. 57

THERE HAS BEEN EVIDENCE FROM WHICH YOU MAY CONCLUDE THAT DOCTOR SUBRAMANYA PRASAD WAS LICENSED TO PRACTICE MEDICINE IN THE STATE OF OHIO. UNDER OHIO LAW GOVERNING THE PRACTICE OF MEDICINE, A PHYSICIAN WAS NOT PERMITTED TO PRESCRIBE, DISPENSE, OR OTHERWISE PROVIDE, OR CAUSE TO BE PROVIDED, ANY FEDERALLY DEFINED CONTROLLED SUBSTANCE OR ANY PRESCRIPTION DRUG TO A PERSON WHO THE PHYSICIAN HAD NEVER PERSONALLY PHYSICALLY EXAMINED AND DIAGNOSED. A VIOLATION OF THIS PROVISION CONSTITUTED FAILURE TO MAINTAIN MINIMAL STANDARDS APPLICABLE TO THE SELECTION OR ADMINISTRATION OF DRUGS AND A DEPARTURE FROM, OR THE FAILURE TO CONFORM TO, MINIMAL STANDARDS OF CARE.

# INSTRUCTION NO. 58

THERE HAS BEEN EVIDENCE FROM WHICH YOU MAY CONCLUDE THAT DOCTOR CHANDRESH SHAH WAS LICENSED TO PRACTICE MEDICINE IN THE STATE OF GEORGIA. UNDER GEORGIA LAW, "UNPROFESSIONAL CONDUCT" INCLUDED, BUT WAS NOT LIMITED TO, THE FOLLOWING:

(1) PRESCRIBING CONTROLLED SUBSTANCES FOR A KNOWN OR SUSPECTED HABITUAL DRUG ABUSER OR OTHER SUBSTANCE ABUSER IN THE ABSENCE OF SUBSTANTIAL JUSTIFICATION.

(2) PRESCRIBING PRESCRIPTION DRUGS FOR A PATIENT BASED SOLELY ON A CONSULTATION VIA ELECTRONIC MEANS WITH THE PATIENT, PATIENT'S GUARDIAN OR PATIENT'S AGENT.

(3) PROVIDING TREATMENT AND/OR CONSULTATION RECOMMENDATIONS VIA ELECTRONIC OR OTHER MEANS UNLESS THE LICENSEE HAS PERFORMED A HISTORY AND PHYSICAL EXAMINATION OF THE PATIENT ADEQUATE TO ESTABLISH DIFFERENTIAL DIAGNOSES AND IDENTIFY UNDERLYING CONDITIONS AND/OR CONTRA-INDICATIONS TO THE TREATMENT RECOMMENDED.

INSTRUCTION NO. 59


THERE HAS BEEN EVIDENCE FROM WHICH YOU MAY CONCLUDE THAT DOCTOR GERALD MORRIS WAS LICENSED TO PRACTICE MEDICINE IN THE STATE OF MASSACHUSETTS. THE BOARD OF REGISTRATION IN MEDICINE FOR THE COMMONWEALTH OF MASSACHUSETTS UNDER POLICY 03-06 PROVIDED AS FOLLOWS:

"INTERNET PRESCRIBING:

A PRESCRIPTION FOR A CONTROLLED SUBSTANCE TO BE VALID SHALL BE ISSUED FOR A LEGITIMATE MEDICAL PURPOSE BY A PRACTITIONER ACTING IN THE USUAL COURSE OF HIS PROFESSIONAL PRACTICE . . . . AN ORDER PURPORTING TO BE A PRESCRIPTION ISSUED NOT IN THE USUAL COURSE OF PROFESSIONAL TREATMENT OR IN LEGITIMATE AND AUTHORIZED RESEARCH IS NOT A PRESCRIPTION WITHIN THE MEANING AND INTENT [OF THE LAW].

THIS STATUTORY LANGUAGE SETS FORTH THE MINIMUM REQUIREMENTS THAT MUST HAVE BEEN MET IN ORDER FOR A PRESCRIPTION TO HAVE BEEN VALID IN THE COMMONWEALTH. TO SATISFY THE REQUIREMENT THAT A PRESCRIPTION BE ISSUED BY A PRACTITIONER IN THE USUAL COURSE OF HIS OR HER PROFESSIONAL PRACTICE, THERE MUST HAVE BEEN A PHYSICIAN-PATIENT RELATIONSHIP THAT WAS FOR THE PURPOSE OF MAINTAINING THE

PATIENT'S WELL-BEING AND THE PHYSICIAN MUST HAVE CONFORMED TO CERTAIN MINIMUM NORMS AND STANDARDS FOR THE CARE OF PATIENTS, SUCH AS TAKING AN ADEQUATE MEDICAL HISTORY AND CONDUCTING AN APPROPRIATE PHYSICAL AND/OR MENTAL STATUS EXAMINATION AND RECORDING THE RESULTS. ISSUANCE OF A PRESCRIPTION, BY ANY MEANS, INCLUDING THE INTERNET OR OTHER ELECTRONIC PROCESS, THAT DID NOT MEET THESE REQUIREMENTS WAS THEREFORE UNLAWFUL.

INSTRUCTION NO. 60

YOU HAVE NOW BEEN INSTRUCTED ON FOUR SEPARATE CONSPIRACY CHARGES CONTAINED IN THE SUPERSEDING INDICTMENT, CONSPIRACY TO DISTRIBUTE CONTROLLED SUBSTANCES; CONSPIRACY TO COMMIT WIRE FRAUD; CONSPIRACY TO COMMIT MONEY LAUNDERING; AND CONSPIRACY TO DISPENSE MISBRANDED DRUGS. EACH MEMBER OF ANY OF THOSE CHARGED CONSPIRACIES IS RESPONSIBLE FOR THE ACTIONS OF THE OTHER CONSPIRATORS PERFORMED DURING THE COURSE AND IN FURTHERANCE OF THE CONSPIRACY. IF ONE MEMBER OF A CONSPIRACY COMMITS A CRIME IN FURTHERANCE OF A CONSPIRACY, THE OTHER MEMBERS HAVE ALSO, UNDER THE LAW, COMMITTED THAT CRIME.

THEREFORE, YOU MAY FIND A DEFENDANT GUILTY OF THE CRIMES OF DISTRIBUTION AND DISPENSING OF CONTROLLED SUBSTANCES AS CHARGED IN COUNTS 2, 4, 5, 12, 18, 19, 21, 22, 23, 24, 26, AND 27 OF THE SUPERSEDING INDICTMENT, WIRE FRAUD AS CHARGED IN COUNTS 32, 33, 41, 47, 48, 49, 52, AND 53 OF THE SUPERSEDING INDICTMENT, OR DISPENSING MISBRANDED DRUGS AS CHARGED IN COUNTS 60, 61, 63, 69, 76, AND 83 OF THE SUPERSEDING INDICTMENT, IF THE GOVERNMENT HAS PROVED EACH OF THE FOLLOWING ELEMENTS BEYOND A REASONABLE DOUBT:

FIRST, A CO-CONSPIRATOR COMMITTED THE CRIME OF DISTRIBUTION OR DISPENSING OF CONTROLLED SUBSTANCES, WIRE FRAUD, OR DISPENSING MISBRANDED DRUGS AS ALLEGED IN THOSE COUNTS;

SECOND, THAT PERSON WAS A MEMBER OF THE CONSPIRACY CHARGED IN COUNTS 1, 30, 56, OR 57 OF THE SUPERSEDING INDICTMENT;

THIRD, THE PERSON COMMITTED THE CRIME OF DISTRIBUTION AND DISPENSING OF CONTROLLED SUBSTANCES, WIRE FRAUD, OR DISPENSING MISBRANDED DRUGS IN FURTHERANCE OF ONE OR MORE OF THOSE CONSPIRACIES;

FOURTH, THE DEFENDANT WAS A MEMBER OF THE SAME CONSPIRACY AT THE TIME THE OFFENSE OF DISTRIBUTION OR DISPENSING OF CONTROLLED SUBSTANCES, WIRE FRAUD, OR DISPENSING MISBRANDED DRUGS WAS COMMITTED; AND

FIFTH, THE OFFENSE FELL WITHIN THE SCOPE OF THE UNLAWFUL AGREEMENT AND COULD REASONABLY HAVE BEEN FORESEEN TO BE A NECESSARY OR NATURAL CONSEQUENCE OF THE UNLAWFUL AGREEMENT.

# INSTRUCTION NO. 61

DOLORES LOVIN AND MARY ARONSON SHARE THE SAME THEORY OF DEFENSE, WHICH IS THAT MS. LOVIN AND MS. ARONSON WERE LIED TO AND DECEIVED BY THE BERBERRY (ALSO KNOWN AS AFFPOWER) PRINCIPALS WHO RECRUITED THEM TO FILL PRESCRIPTIONS FOR THE ORGANIZATION AND THAT MS. ARONSON AND MS. LOVIN DID NOT KNOW THAT THE PRESCRIPTIONS THEY FILLED WERE ISSUED OTHER THAN FOR A LEGITIMATE MEDICAL PURPOSE AND NOT IN THE USUAL COURSE OF PROFESSIONAL PRACTICE.

<u>THE CONTROLLED SUBSTANCE ACT COUNTS (COUNTS 1, 2, 4, 5, 18, AND 27) AND CONSPIRACY TO COMMIT MONEY LAUNDERING (COUNT 56)</u>

WITH RESPECT TO THE ALLEGED CONSPIRACY TO DISTRIBUTE CONTROLLED SUBSTANCES (COUNT 1) AND THE ALLEGED DISTRIBUTION OF CONTROLLED SUBSTANCES (COUNTS 2, 4, 5, 18, AND 27), MS. LOVIN'S AND MS. ARONSON'S DEFENSE IS THAT THEY DID NOT ENTER INTO A CRIMINAL CONSPIRACY TO DISTRIBUTE CONTROLLED SUBSTANCES AND DID NOT UNLAWFULLY DISTRIBUTE CONTROLLED SUBSTANCES BECAUSE THEY DID NOT KNOW THAT THE PRESCRIPTIONS THEY FILLED WERE ISSUED OTHER THAN FOR A LEGITIMATE MEDICAL PURPOSE AND NOT IN THE USUAL COURSE OF PROFESSIONAL PRACTICE.

WITH RESPECT TO THE ALLEGED CONSPIRACY TO COMMIT MONEY

LAUNDERING (COUNT 56), MS. LOVIN'S AND MS. ARONSON'S DEFENSE IS THAT THEY DID NOT ENTER INTO A CRIMINAL AGREEMENT TO COMMIT MONEY LAUNDERING BECAUSE THEY DID NOT KNOW THAT THE PRESCRIPTIONS THEY FILLED FOR THE BERBERRY/AFFPOWER ORGANIZATION WERE ISSUED OTHER THAN FOR A LEGITIMATE MEDICAL PURPOSE *AND* NOT IN THE USUAL COURSE OF PROFESSIONAL PRACTICE AND THEREFORE THEY COULD NOT HAVE AGREED TO TRANSFER MONEY WITH THE INTENT TO PROMOTE THE CARRYING ON OF AN ACTIVITY THAT WAS NOT LAWFUL.

THE GOVERNMENT HAS THE BURDEN OF PROVING BEYOND A REASONABLE DOUBT THAT MS. LOVIN AND MS. ARONSON EACH KNEW THAT THE PRESCRIPTIONS THEY FILLED FOR BERBERRY/AFFPOWER WERE ISSUED OTHER THAN FOR A LEGITIMATE MEDICAL PURPOSE *AND* NOT IN THE USUAL COURSE OF PROFESSIONAL PRACTICE.

THE MISBRANDING COUNTS (COUNTS 57, 60, AND 63)

MS. LOVIN AND MS. ARONSON ARE CHARGED WITH CONSPIRING TO DISPENSE MISBRANDED DRUGS (COUNT 57) AND THE DISPENSATION OF MISBRANDED DRUGS (COUNTS 60 AND 63). WITH RESPECT TO THE CONSPIRACY COUNT, THE GOVERNMENT IS REQUIRED TO PROVE BEYOND A REASONABLE DOUBT THAT MS. LOVIN AND MS. ARONSON ENTERED INTO AN AGREEMENT TO DISPENSE MISBRANDED DRUGS WITH THE INTENT TO DEFRAUD OR MISLEAD. WITH RESPECT TO THE

SUBSTANTIVE DISPENSATION COUNTS, THE GOVERNMENT IS REQUIRED TO PROVE BEYOND A REASONABLE DOUBT THAT MS. LOVIN AND MS. ARONSON DISPENSED MISBRANDED DRUGS WITH THE INTENT TO DEFRAUD OR MISLEAD.

MS. LOVIN'S AND MS. ARONSON'S DEFENSE IS THAT THEY COULD NOT HAVE ENTERED INTO AN AGREEMENT TO DISPENSE PRESCRIPTION DRUGS WITH THE INTENT TO DEFRAUD OR MISLEAD AND THEY COULD NOT HAVE DISPENSED PRESCRIPTION DRUGS WITH THE INTENT TO DEFRAUD OR MISLEAD BECAUSE THEY DID NOT KNOW THAT THE PRESCRIPTIONS THEY FILLED WERE NOT VALID.

THE GOVERNMENT HAS THE BURDEN OF PROVING EVERY ELEMENT OF EVERY CHARGE AGAINST MS. LOVIN AND MS. ARONSON BEYOND A REASONABLE DOUBT.  MS. LOVIN AND MS. ARONSON DO NOT HAVE THE BURDEN TO PROVE ANYTHING IN THIS CASE.

INSTRUCTION NO. 62

CONTROLLED SUBSTANCES ACT COUNTS

THE AFFILIATE DEFENDANTS' THEORY OF DEFENSE IS THAT THEY HAD A GOOD FAITH BELIEF THAT THEY WERE ASSISTING IN THE LEGAL DISTRIBUTION OF PHARMACEUTICALS, THAT IS, THAT THEY WERE ASSISTING LICENSED DOCTORS WHO THE AFFILIATES BELIEVED IN GOOD FAITH WERE ACTING WITHIN THE USUAL COURSE OF PROFESSIONAL PRACTICE AND FOR A LEGITIMATE MEDICAL PURPOSE. THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT THAT THE DEFENDANTS DID NOT ACT IN GOOD FAITH.

WIRE FRAUD COUNTS

THE AFFILIATE DEFENDANTS' THEORY OF DEFENSE IS THAT THEY DID NOT MAKE REPRESENTATIONS ON THEIR WEBSITES WITH THE INTENT OF DECEIVING CUSTOMERS WHO VISITED THEIR SITES. NOR DID THEY MAKE REPRESENTATIONS THAT THEY KNEW WERE MATERIALLY FALSE. RATHER, THE REPRESENTATIONS MADE ON THE DEFENDANTS' WEBSITES WERE MADE IN GOOD FAITH.

MONEY LAUNDERING COUNT

THE AFFILIATE DEFENDANTS' THEORY OF DEFENSE IS THAT THEY DID NOT CONSPIRE WITH OTHERS TO TRANSFER MONEY OVERSEAS. NOR DID THEY CONSPIRE TO RECEIVE MONEY FROM OVERSEAS WITH

THE INTENT OF PROMOTING THE CARRYING ON OF UNLAWFUL ACTIVITY BECAUSE (1) THE GOVERNMENT DID NOT PROVE BEYOND A REASONABLE DOUBT THAT ANY SUCH MONEY WAS USED TO PROMOTE FURTHER UNLAWFUL ACTIVITY, AND (2) THE DEFENDANTS BELIEVED IN GOOD FAITH THAT THE DOCTORS WERE ACTING WITHIN THE USUAL COURSE OF PROFESSIONAL PRACTICE AND FOR A LEGITIMATE MEDICAL PURPOSE AND ANY REPRESENTATIONS ON DEFENDANTS' WEBSITES WERE MADE IN GOOD FAITH.

### MISBRANDING COUNTS

THE AFFILIATE DEFENDANTS' THEORY OF DEFENSE IS THAT THE GOVERNMENT DID NOT PROVE BEYOND A REASONABLE DOUBT ITS ALLEGATIONS THAT THE AFFILIATES ACTED WITH THE INTENT TO MISLEAD OR DEFRAUD NOR THAT THEY HAD KNOWLEDGE THAT THE PRESCRIPTIONS WERE, IN FACT, LEGALLY INVALID. THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT THAT THE DEFENDANTS DID NOT ACT IN GOOD FAITH.

INSTRUCTION NO. 63

WHEN YOU BEGIN YOUR DELIBERATIONS, YOU SHOULD ELECT ONE MEMBER OF THE JURY AS YOUR FOREPERSON. THAT PERSON WILL PRESIDE OVER THE DELIBERATIONS AND SPEAK FOR YOU HERE IN COURT.

YOU WILL THEN DISCUSS THE CASE WITH YOUR FELLOW JURORS TO REACH AGREEMENT IF YOU CAN DO SO. YOUR VERDICT, WHETHER GUILTY OR NOT GUILTY, MUST BE UNANIMOUS.

EACH OF YOU MUST DECIDE THE CASE FOR YOURSELF, BUT YOU SHOULD DO SO ONLY AFTER YOU HAVE CONSIDERED ALL THE EVIDENCE, DISCUSSED IT FULLY WITH THE OTHER JURORS, AND LISTENED TO THE VIEWS OF YOUR FELLOW JURORS.

DO NOT BE AFRAID TO CHANGE YOUR OPINION IF THE DISCUSSION PERSUADES YOU THAT YOU SHOULD. BUT DO NOT COME TO A DECISION SIMPLY BECAUSE OTHER JURORS THINK IT IS RIGHT.

IT IS IMPORTANT THAT YOU ATTEMPT TO REACH A UNANIMOUS VERDICT BUT, OF COURSE, ONLY IF EACH OF YOU CAN DO SO AFTER HAVING MADE YOUR OWN CONSCIENTIOUS DECISION. DO NOT CHANGE AN HONEST BELIEF ABOUT THE WEIGHT AND EFFECT OF THE EVIDENCE SIMPLY TO REACH A VERDICT.

# INSTRUCTION NO. 64

YOUR VERDICT MUST BE BASED SOLELY ON THE EVIDENCE AND ON THE LAW AS I HAVE GIVEN IT TO YOU IN THESE INSTRUCTIONS. HOWEVER, NOTHING THAT I HAVE SAID OR DONE IS INTENDED TO SUGGEST WHAT YOUR VERDICT SHOULD BE — THAT IS ENTIRELY FOR YOU TO DECIDE.

## INSTRUCTION NO. 65

SOME OF YOU HAVE TAKEN NOTES DURING THE TRIAL. WHETHER OR NOT YOU TOOK NOTES, YOU SHOULD RELY ON YOUR OWN MEMORY OF WHAT WAS SAID. NOTES ARE ONLY TO ASSIST YOUR MEMORY. YOU SHOULD NOT BE OVERLY INFLUENCED BY THE NOTES.

# INSTRUCTION NO. 66

THE PUNISHMENT PROVIDED BY LAW FOR THIS CRIME IS FOR THE COURT TO DECIDE. YOU MAY NOT CONSIDER PUNISHMENT IN DECIDING WHETHER THE GOVERNMENT HAS PROVED ITS CASE AGAINST THE DEFENDANT BEYOND A REASONABLE DOUBT.

INSTRUCTION NO. 67

A VERDICT FORM HAS BEEN PREPARED FOR YOU. [ANY EXPLANATION OF THE VERDICT FORM MAY BE GIVEN AT THIS TIME.] AFTER YOU HAVE REACHED UNANIMOUS AGREEMENT ON A VERDICT, YOUR FOREPERSON WILL FILL IN THE FORM THAT HAS BEEN GIVEN TO YOU, SIGN AND DATE IT AND ADVISE THE COURT THAT YOU ARE READY TO RETURN TO THE COURTROOM.

# INSTRUCTION NO. 68

IF IT BECOMES NECESSARY DURING YOUR DELIBERATIONS TO COMMUNICATE WITH ME, YOU MAY SEND A NOTE THROUGH THE BAILIFF, SIGNED BY YOUR FOREPERSON OR BY ONE OR MORE MEMBERS OF THE JURY. NO MEMBER OF THE JURY SHOULD EVER ATTEMPT TO COMMUNICATE WITH ME EXCEPT BY A SIGNED WRITING; AND I WILL RESPOND TO THE JURY CONCERNING THE CASE ONLY IN WRITING, OR HERE IN OPEN COURT. IF YOU SEND OUT A QUESTION, I WILL CONSULT WITH THE LAWYERS BEFORE ANSWERING IT, WHICH MAY TAKE SOME TIME. YOU MAY CONTINUE YOUR DELIBERATIONS WHILE WAITING FOR THE ANSWER TO ANY QUESTION. REMEMBER THAT YOU ARE NOT TO TELL ANYONE--INCLUDING ME--HOW THE JURY STANDS, NUMERICALLY OR OTHERWISE, ON THE QUESTION OF THE GUILT OF A DEFENDANT, UNTIL AFTER YOU HAVE REACHED A UNANIMOUS VERDICT OR HAVE BEEN DISCHARGED.